## WILFRED HOLLIDAY v. WILLIAM MADDOX.

BOUNDARY LINE — *Dispute — Survey — Competent Evidence.* Where a boundary line between two quarter-sections of land is in dispute, in an action in trespass to determine such boundary, and the rights of the parties to certain disputed land affected thereby, *held,* that the record of a survey made by the county surveyor of the county where such land is located is competent evidence tending to show the line in dispute, although not made in strict conformity with all the requirements of the statute.

### *Error from Sumner District Court.*

ACTION by *Holliday* against *Maddox*, to recover damages for trespass upon land claimed by plaintiff. Judgment for defendant, at the February term, 1886. The plaintiff brings the case to this court. The facts are stated in the opinion.

*J. F. McMullen,* for plaintiff in error.

*McDonald & Parker,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by the plaintiff in error to recover damages for trespass upon a strip of ground claimed by the plaintiff. It is admitted by both parties that the question in dispute is the boundary line between their farms, the plaintiff owning the southwest quarter and the defendant the southeast quarter of the same section. This land was surveyed by the government in 1870 or 1871, and was settled about the year 1872; from which time up to 1878 the line between said quarters was recognized to be as claimed by the plaintiff in error. At that time, March 18, 1878, the county surveyor of that county made a survey of that section, and established the corner on the south line of said section, being the southeast corner of the plaintiff's land and the southwest corner of the defendant's land; from which time up to the commencement of this action the defendant has been in possession of the land under said survey. In May, 1883, some persons interested in the section south of the land in dispute, being dissatisfied with the former survey, ordered and procured another to be made, which was also made by the county surveyor of Sumner county. This last survey located the line as it was originally claimed to have been by the plaintiff, and as now claimed by him. The errors now complained of are, first, that there was no competent evidence to support the judgment; and second, that the court erred in admitting in evidence the survey made by County Surveyor Walton in 1878.

As to the first of these propositions, we think counsel does not seriously contend, for he has in his brief referred to the rule of this court that where there is some evidence tending to support a judgment, the court will not disturb it. There was evidence tending to show that the corner and line as claimed by the plaintiff in error was the true line. In support of it, testimony was taken to show that in the early set-

tlement of the country, a mound of earth was visible at the place where the last survey located the corner. This corner was recognized by the neighbors for a number of years, and while there seems to have been a belief that a mistake had been made, yet it was recognized as the corner. There was other evidence, tending to show that this same corner was put there and the mound thrown up years after the survey was made, and that the true line was as claimed by the defendant, and on the line as surveyed by Walton in 1878. Again, the government field-notes show that the corner ought to be at or near the place claimed by the defendant in error; or, in other words, that the Walton survey was more nearly correct, as shown by said field-notes; and by the judgment of the court each party will receive substantially the amount of land called for in his patent. While perhaps the plaintiff in error has produced the greatest amount of evidence, yet we canot say that there was no evidence tending to support the judgment of the court.

As to the second proposition, we see no error in admitting the evidence objected to by the plaintiff. The survey made by Walton as county surveyor was not offered for the purpose of showing that a legal and binding survey was made, but was offered and received, and it is all that is now claimed for it, that it was some evidence tending to show the correct line and corner. It was of the same character and of the same weight as that of the survey made by County Surveyor Wood, years later. It is not claimed for either of these surveys that they were made in strict compliance with the requirements of the statute. They were simply the surveys made by the county surveyors at the request of somebody in interest. As far as the evidence shows, no notice was given as required by law to make the survey binding. Each party could have made as many surveys as he desired, but surveys so made would not be binding, though they would be competent as evidence, and would be received by the court for what they were worth.

We are therefore of the opinion that the judgment of the court below should be affirmed, and it is so recommended.

By the Court: It is so ordered.

All the Justices concurring.