ALBERT SCHWAB v. JACOB STONEBACK.

TRESPASS — *Boundary Line — Evidence — Survey, not Conclusive.* In an action in the nature of trespass, where the boundary line between two lots of land is in dispute, and the plaintiff offers in evidence a survey made under the provisions of the statute to establish permanently the lines and corners of adjoining tracts of land, and it appears from the evidence of the surveyor making the same that it was commenced upon the 7th day of February, but not concluded until the 22d day of April following, and that some of the interested parties had no notice of the conclusion of the survey and were not present, *held,* that such survey was not conclusive, final, and binding, and that it was error for the district court to refuse to admit evidence as to the location of the boundary line prior to such survey.

### Error from Clay District Court.

JUDGMENT for plaintiff, *Stoneback*, at the January term, 1889. The defendant, *Schwab*, comes to this court. The opinion states the nature of the action and the material facts.

*F. L. Williams*, and *B. B. Tuttle*, for plaintiff in error:

Was the alleged survey made by the county surveyor a legal survey, and was it binding upon the plaintiff in error? The survey was attempted to be made in conformity with, and by the authority of, an act amendatory of and supplemental to chapter 25, Laws of 1868, as set forth in the General Statutes of 1889, ¶¶ 1835–1839.

A county surveyor, in attempting to proceed under the provisions of the second section of this act above cited, must conform strictly to the procedure as prescribed by the legislature, and this because, where one would avail himself of the benefit of a statute in derogation of the common law, he must comply strictly with the statutory provisions, and a special power granted by statute, affecting the rights of individuals, and which divests a title to real estate, should be strictly pursued, and it should so appear on the face of the proceedings. *Smith v. Hileman*, 1 Scam. 323; *Day v. Cushman*, 1 id. 475; *Charles v. Waugh*, 35 Ill. 315; *Clark v. Lewis*, 35 id. 417.

The attempted service of notice and the notice itself do not conform to the provisions of the said § 2 of chapter 25, Laws of 1868, and therefore all proceedings had thereunder were illegal and void. The first step that the statute requires is that the party desiring the survey shall notify the county surveyor. That this was done is not disputed. Upon such notification, it then becomes the duty of the surveyor to forthwith notify all parties interested of the time of making the same and the lines and corners to be established. Was this procedure complied with by the surveyor? It certainly was not. The notice utterly fails to designate the line and corners to be established, and there is absolutely nothing therein

tending to notify the plaintiff in error or John Schwab, his lessor, and the owner of the said lot 7, that the surveyor intended to establish any lines or corners between lots 7 and 10. It simply was a general notification that the surveyor would, on the day designated, make a survey of section 8. It follows that the admission of the testimony of the defendant in error and of the county surveyor, and the admission of the copy of the said notice of survey in evidence, was clearly material error, and that the objection thereto by the plaintiff in error should have been sustained.

It may be contended that the presence of the plaintiff in error a part of the time after the alleged survey was begun, on the 7th and 8th of February, was a waiver of notice. Plaintiff in error was present protesting and objecting to the survey, and his presence was no more a waiver of notice or of any defects in notice than the physical presence of a defendant at a trial is a waiver of service of summons in a civil action.

There is no provision of law giving the surveyor the right to adjourn proceedings, and if there were an adjournment, it should be to a time certain, and the survey should be completed then and at no other time. In this case the surveyor "adjourned for 30 or 40 days," and then, without notice to plaintiff in error and in his absence, completed his pretended survey more than 70 days after the 8th day of February. The original notice gave no authority to survey on April 22; the pretended adjournment gave no authority to survey on April 22; and there was no notice given that a survey would be made on April 22, and plaintiff in error cannot be held to have lost his title to his land by reason of such proceedings. He could not be required to take notice of a report filed more than 70 days after the 8th day of February, and a party relying on such survey cannot say that the adverse party must appeal from such survey in order to preserve his rights. Such proceedings become *ex parte*. They do not constitute a survey within the meaning of the statute. To say that such proceedings constitute a survey that is conclusive against

plaintiff in error, is to say that his property may be taken by another by proceedings from which there is no appeal, without trial by jury, without compensation, and even without notice. Such a survey is not conclusive, (*Holliday v. Maddox*, 39 Kas. 359,) and evidence of a boundary line long recognized and acquiesced in should have been admitted. *Tarpenning v. Cannon*, 28 Kas. 665; *Reinert v. Brunt*, 42 id. 44.

A disputed boundary line being located by an agreement, such location is conclusive and binding upon the parties interested, and cannot be changed by survey. *Baker v. Turner*, 64 Mo. 218; *Kip v. Norton*, 12 Wend. 127; *Hayes v. Livingston*, 34 Mich. 384; *Jones v. Pashby*, 67 id. 459; Herm. Est. and Res. Adj., p. 1270. The trial court therefore erred in excluding evidence proving an ·agreement locating the boundary line in question. The question as to where the true line was between lots 7 and 10 should have been submitted to the jury, and therefore the trial court erred in instructing the jury to find for the plaintiff, and that the survey was conclusive as to the location of the disputed line.

*Harkness & Godard*, for defendant in error:

The survey was in substantial conformity to law, and no omission was made or error committed by the county surveyor which was in any way prejudicial to the rights of plaintiff in error. While the survey is purely a statutory proceeding with no common-law precedent, still the same reasons do not exist why all the proceedings should be scrutinized with the exactness and care for technical details which obtains in cases where property is sought to be held under the tax laws, or the estates of minors withheld from them after judicial sale, of which nature are the cases cited by counsel for plaintiff in error in support of those rigid and technical rules of construction and procedure which they say should be applied in this case.

The testimony sufficiently discloses a refusal on the part of plaintiff in error to agree to a survey. Notice was then given the county surveyor, and he caused notice to be given

the owners of property to be affected by the survey. It is true that the notice does not specifically mention each identical corner and line to be established, but it does show what property is to be surveyed, and by which the owners of property in the section mentioned must necessarily have known that the boundary lines and corners of their property were to be established. Schwab, however, waived any irregularity in the notice, by being present at the time of the survey and taking part therein, making statements to the surveyor as to the location of lines, offering to produce testimony as to the location of a certain corner, and obtaining a postponement of the proceedings for that purpose, as shown by the testimony.

If there was error in adjourning, the fault lay with Schwab, who sought the time in which to obtain additional testimony; after the time agreed upon had elapsed, and Schwab had failed to produce the promised testimony, though requested so to do, the survey was completed, and within 10 days thereafter the record was made, as contemplated by law. We submit, therefore, that the survey made in pursuance of this notice, duly entered for record, no appeal having been taken therefrom, is binding and conclusive upon John Schwab, and his tenant, the plaintiff in error herein, and that the only way for them to be relieved therefrom was by a direct attack thereon, and that they could not ignore the proceedings in which the owner of the land had participated. If the survey made was so irregular as to amount to no more than a private survey, still the court below committed no material error in giving the instruction complained of. The survey was still admissible as evidence of the location of the line. *Holliday v. Maddox*, 39 Kas. 359. The line in dispute between lots 7 and 10 was located by the United States government survey, and the testimony of the surveyor shows pretty conclusively that the line located by him is the same as the original survey. It is a well-settled principle that the United States survey "creates" the line between two government tracts. *Hughes v. Wheeler*, 18 Pac. Rep. 386, 388, and cases cited;

*Robinson v. Forrest*, 29 Cal. 325; *Chapman v. Polack*, 70 id. 494.

Under the pleadings in this case, the location of this "created" line is the question at issue. The plaintiff in error complains because he was not permitted to prove matters not pleaded in defense, while upon the trial below the plaintiff below insisted that the issues made by the pleading should alone be tried, and in the absence of an application to amend the answer the court took the same view.

Plaintiff in error concedes in his brief that the question at issue was the true location of the line between lots 7 and 10, when he says: "The question as to where the true line was between lots 7 and 10 should have been submitted to the jury, and therefore the trial court erred," etc. It must be remembered, however, that the only evidence introduced or offered as to such line was by the plaintiff below. He introduced the McLaughlin survey; the oral testimony of an expert surveyor, McLaughlin, who made the survey, and also the United States survey, all showing that the line between said lots as located by McLaughlin was the same as that originally created. Hence, if the survey of McLaughlin was so irregular that it did not conclusively settle the question as to the location of this line, still there was no conflicting testimony for the jury to consider, and the instructions of the court were correct, even though he gave the wrong reason therefor.

Opinion by GREEN, C.: Jacob Stoneback sued Albert Schwab in justice's court in Clay county, for trespassing upon certain land, described as lot number 10, in section 8, township 7 south, of range 7 east, and removing therefrom a wire fence, alleged to be worth $20, and asked for double damages.

Albert Schwab answered that he was the tenant of John Schwab, and had rented and cultivated lot 7 of the same section of which lot 10 was a part; that his landlord had been

in peaceable possession of lot 7 since May, 1870. He alleged that the land from which the fence was removed was a part of lot 7, and that the title, ownership and possession of the same was in John Schwab, except as the defendant used and occupied it for the purpose of raising a crop thereon. Upon the filing of the bill of particulars of the defendant, the justice of the peace certified the case to the district court, where it was tried, and resulted in a judgment in favor of Stoneback for the sum of $13 damages. The plaintiff below based his right to the land from which the fence was taken upon a survey made by the county surveyor, under ¶¶ 1835 to 1839, General Statutes of 1889. The defendant claimed the land by reason of continuous possession for more than 17 years, and by parol agreement locating and settling the boundary line. It will be observed that the real issue between the parties was the true location of the line between lots 7 and 10. The court below instructed the jury that the survey made by the county surveyor was conclusive as to the boundary line between the two tracts of land, and instructed the jury to bring in a verdict for the plaintiff. This, it is claimed, was error. The survey was attempted to be made under ¶ 1836 of the General Statutes of 1889, which reads as follows:

"Whenever the owner or owners of one or more tracts of land in this state shall desire to establish permanently the corners or boundaries thereof, and who will not enter into the written agreement mentioned in §1 of this act, he or they shall notify the county surveyor of the county in which said land is situated, who shall, on receipt of said notice, forthwith notify all parties instructed [interested] in said survey, of the lines [time] of making the same, and the lines or corners to be established, which notice shall be served as follows, to wit: If the party or parties are residents of the county in which such land is situate, the notice shall be in writing, and shall be served at least 10 days prior to the time of making the said survey, by delivering to such party a copy thereof, or leaving the same at his usual place of residence in said county. In case of a non-resident of the county, the notice shall be served by publishing the same in some newspaper published

in the county, for four consecutive weeks prior to the time of making such survey; and in case no paper is published in said county, then in some newspaper in the state of general circulation in said county. At the time mentioned in said notice the said surveyor shall proceed to make the survey of said boundaries. He shall have power to administer oaths and take the evidence of any person who may be able to identify any original government or other legally-established corner, or witness thereto, or government line·tree, or other noted object. Such evidence shall be reduced to writing, signed by the witness, and, together with an accurate plat and notes of such survey, shall be filed in the office of register of deeds of the county within 10 days after the completion of said survey."

The notice recited that a survey would be made of section 8, town 7, of range 2 east, on Monday, the 7th day of February, 1887. On the day named the surveyor appeared, and commenced making the survey about noon. John Schwab, the owner of lot 7, appeared some time in the afternoon, and stated that he would not have anything to do with the survey. The surveyor was a portion of· two days making the first survey, and before he concluded Schwab and another party interested thought they could furnish some proof as to an old corner-stone. The surveyor did not conclude his work, but waited until the 22d day of April, 1887, when he went back and completed the survey, and filed his report on the 30th day of the same month, in the office of the register of deeds of the county. Schwab had no notice of this last survey or the filing of the report.

It will be observed that the statute requires the surveyor to make the survey at the time mentioned in the notice, and he must file the evidence taken, together with an accurate plat of the land surveyed, in the office of register of deeds of the county, within 10 days after the completion of the survey. This he did not do. There was nothing to show an adjournment for any definite time. We do not think that there was such a compliance with the statute as made the survey and plat filed by the surveyor on the 30th of April conclusive. The subsequent section of the statute gives any

person interested the right to appeal from the report of the surveyor to the district court within 30 days from the filing of the report.    No one could tell when to take an appeal, if the surveyor were allowed any indefinite time in which to conclude the survey and file his report.    It was, therefore, material error for the court to hold that the survey made by the county surveyor was final, conclusive, and binding, and refuse to admit any evidence as to the location of the division line between lots 7 and 10 prior to the survey.

The report and plat were doubtless competent evidence, as any other private survey might have been, but it was not conclusive, for the reason that the statute was not strictly pursued. (*Holliday v. Maddox*, 39 Kas. 359.)

The plaintiff below relied upon a statutory proceeding in locating the division line between the two lots of the section, and the requirements of the statute should have been substantially followed.

In the case of *Marsh v. Chestnut*, 14 Ill. 224, it was said:

"It is a sound and inflexible rule of law, that where special proceedings are authorized by statute, by which the estate of one man may be diverted and transferred to another, every material provision of the statute must be complied with.    The owner has a right to insist upon a *strict* performance of all the material requirements, especially those designed for his security, and the non-observance of which may operate to his prejudice."

We recommend that the judgment of the district court be reversed, and a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.