BERTHA J. BAIN v. ARTHUR PEYTON.

No. 16,074.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Location of Boundary-line—Survey.* In an action of ejectment, where the controversy depends upon the location of the boundary-line between lands owned by the parties to the action, evidence may be produced to establish such line other than a survey made under article 12 of chapter 25 of the General Statutes of 1901 (§ 1797 *et seq.*), when no such survey has been made.

2. ———— *Same*. In such a case a survey made by a county surveyor or his deputy, not in compliance with the provisions of article 12 of chapter 25 of the General Statutes of 1901, is admissible in evidence, and should not be excluded or disregarded.

Error 'from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed June 5, 1909. Reversed.

*E. N. Evans,* for the plaintiff in error.

*L. B. Kellogg, C. M. Kellogg,* and *W. L. Huggins,* for the defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This was an action of ejectment, commenced by Bertha J. Bain, in the district court of Lyon county, to recover the possession of about an acre and a half of land from the defendant, Arthur Peyton. These parties owned and occupied adjoining tracts of land, and disagreed as to the location of the boundary-line between them. On account of this disagreement each claimed to be the owner of the strip of land in controversy. The land in dispute is about six rods and four feet wide at one end, and eight rods and nine feet wide at the other, extending the entire length of the tract divided by the disputed line. The plaintiff filed an ordinary petition in ejectment, and the defendant answered with a general denial.

Previous to 1905 no survey had been made to locate this disputed line. In December, 1905, the county surveyor, upon the request of Alexander Peyton, the tenant of Arthur Peyton, made a survey of the land. This survey was made in all respects in accordance with the recognized rules of surveying, and accurately located and marked the true boundary-line. It was not initiated and conducted, however, in accordance with article 12 of chapter 25 of the General Statutes of 1901, by giving notice to the interested parties. The survey, when made, was preserved and recorded by the

county surveyor in the records of his office. For the reason that this survey was not made in compliance with this statute it was rejected and not considered by the court as evidence. The trial was to the court, without a jury. Findings of fact were made, which read:

"(1) That the survey of December 5, 1905, petitioned for in the name of Arthur Peyton, the owner of the south half of lot 2 of the northwest quarter of section 18, township 17, range 10, in Lyon county, Kansas, to establish the corners and boundaries thereof, the same was not authorized or directed by the defendant, Arthur Peyton, and was done without notice to him, and without his consent, and the same was not and is not binding upon him; and, as to him, the said survey does not locate or establish the boundary-line between the south half of lot 2 and the south half of lot 1, adjoining on the east; and because said Arthur Peyton is not so bound plaintiff's right to recover of him any of the land sought to be recovered, all of which, according to said survey, is in the south half of lot 1, can not be aided, diminished or otherwise affected by said survey.

"(2) The court finds that the defendant, Arthur Peyton, is in the possession of the land in controversy, but that the evidence is insufficient to establish that he and his grantors have had open, notorious, continuous and exclusive possession of all the land sought by plaintiff to be recovered for any period of fifteen years; that as to the possession had by them, the same has, from time to time, varied in location and extent, and has been either permissible or disputed, and has not been hostile and adverse so as to entitle said Arthur Peyton to a decree in his favor adjudging the title of the land to him by virtue of adverse possession.

"(3) The court further finds that no survey, other than that of December 5, 1905, has ever been made to locate or establish the boundary-line between said lots 1 and 2; that prior thereto said line existed only theoretically and on paper, as shown by the plats and field-notes of the United States government survey now of record."

Judgment was entered against the plaintiff for costs, and she prosecutes error. The court evidently was of the opinion that any survey not made in compliance

with the statute is a nullity and of no legal force or effect whatever. In this conclusion we can not concur. We do not think that a survey in accordance with this statute constitutes the only evidence whereby an owner of land can establish the boundaries thereof. Manifestly such evidence would be the most satisfactory, but in the absence of such testimony resort may be had to the best that is available. The object of this statute is to furnish a means whereby landowners can permanently and conclusively settle the boundaries of their real estate, if they so desire. No person is compelled, however, to have his lines established in this manner, unless some other person interested in the same line initiates the proceedings prescribed by the statute. Prior to 1879 (Laws 1879, ch. 177) no such means for the permanent establishment of boundary-lines existed, and landowners are not prohibited from still holding their real estate under the same rules as to boundaries that existed before. As indicating that the legislature did not intend to make this law exclusive, section 166 of chapter 25 of the General Statutes of 1868, which reads, "Any survey made by any county surveyor or his deputy shall be evidence in any court in this state, but shall not be conclusive," has been the law ever since it was enacted as part of the law of 1868, and still stands as section 1809 of the General Statutes of 1901. It would seem that other surveys than those made under the statute of 1879 have been ever since recognized by the legislature as probable and proper, or this section would have been repealed at some time during the forty years since its enactment. It was expressly decided in the case of *Schwab v. Stoneback,* 49 Kan. 607, and in *Holliday v. Maddox,* 39 Kan. 359, that such surveys are admissible as evidence where boundary-lines are in dispute. It seems just and reasonable that where one person wrongfully takes possession of the land of another such other should have the right to recover his property in an

action for that purpose, and to establish his right, as. in other cases, by the best evidence which he is able to produce. This right should not be denied or abridged until the legislature has clearly and une-quivocally expressed an intent to do so.

We think the court erred in refusing to consider this. survey as evidence. It was admissible, although not. conclusive. The defendant might overthrow it, if he could, by countervailing proof. The point involved was. the true location of the disputed boundary-line. It was. a question of fact to be determined upon the evidence. As no survey has ever been made under the law of 1879, that law has no application to the case.

For the error in refusing to consider the survey of--fered as evidence the judgment of the district court is. reversed, with direction to grant a new trial and pro-. ceed in accordance with the views herein expressed.