No. 19,920.

J. C. COLLINS, *Appellant*, v. JOHN MORRIS, *Appellee*.

SYLLABUS BY THE COURT.

1. MOTION FOR NEW TRIAL—*Its Purpose*. The purpose of a motion for a new trial is to inform the trial court what errors are relied upon in order that the court may, by granting a new trial, correct any error shown to exist.

2. APPEAL—*Matters for Review*. "Only such matters as were considered by the trial court are open to review in the supreme court." (*Brock v. Corbin*, 94 Kan. 542, syl. ¶ 4, 146 Pac. 1150.)

3. APPEAL—*Matters Not Raised in Motion for New Trial—Not Reviewable*. Following *Washburn v. Bank*, 86 Kan. 468, 121 Pac. 515, it is held where no complaint of the admission of evidence over plaintiff's objection was made in the motion for a new trial, the question can not be raised in this court.

4. TREES—*Owner May Use His Land for Any Purpose Desired*. "It is not for the wrongdoer who causes an injury to decide whether an owner should have used his land for a particular purpose nor the use to which it can most profitably be employed." (*Barker v. Railway Co.*, 94 Kan. 61, 66, 145 Pac. 829.)

5. TRESPASS—*Destruction of Trees—Measure of Damages—Evidence*. In an action under section 9692 of the General Statutes of 1909 by a landowner to recover treble damages for the destruction of trees where plaintiff has elected to recover the distinct value of the trees, which the evidence shows can be determined independent of the land, and has offered no evidence of the value of the land before and after the trees were destroyed, it is error to admit over plaintiff's objections proof that the land would sell for as much or more for farming purposes without the trees as with them.

6. TRESPASS—*Destruction of Trees—Evidence Does Not Sustain Verdict*. While it is not the province of this court to weigh the evidence, it may determine that there is or is not sufficient evidence to support the verdict; and in this case the court determines the verdict is contrary to the evidence and therefore the judgment is reversed.

7. OBITER DICTUM—Certain expressions in the opinion in the case of *Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526, are held to be *obiter* and are disapproved.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed February 12, 1916. Reversed.

Collins v. Morris.

*E. J. Sheldon,* and *S. J. Shively,* both of Paola,. for the appellant.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action to recover treble damages for the malicious destruction of trees. Plaintiff and defendant own adjoining farms, and the trees destroyed were six shade trees which plaintiff alleges were growing on his land near the partition fence. There was a verdict and judgment in favor of defendant, from which the plaintiff appeals.

The specifications of error in plaintiff's brief are, *first,* the admission of incompetent and immaterial testimony over his objections; *second,* the rejection of competent testimony offered by the plaintiff; *third,* overruling the motion for a new trial; *fourth,* rendering a verdict for defendant; *fifth,* ordering a judgment for defendant. The case was submitted to a jury on evidence and instructions, and no judgment was ordered, so the fifth assignment need not be considered.

At the outset we are confronted with the objection which defendant makes to any consideration of the first and second specifications, which relate to the admission of evidence, because they are raised for the first time in this court. As the principal questions argued in plaintiff's brief relate to the rulings of the court admitting certain testimony offered by the defendant, it will be necessary to consider the grounds of the motion for a new trial. The grounds are stated as follows:

"Now comes the plaintiff and moves the court for a new trial of the issues at law and fact in the above entitled case for the reason that the verdict is contrary to the evidence. And for the further reason that the verdict is contrary to law as given under the influence of passion and prejudice, and not a fair consideration of the evidence, and for the further reason that the plaintiff did not have a fair trial."

Nowhere is there any reference to rulings of the court on the admission of testimony. A new trial was asked, *first,* because the verdict is contrary to the evidence; *second,* because it is contrary to law as "given under the influence of passion and prejudice, and not a fair consideration of the evidence"; and *third,* because the plaintiff did not have a fair trial.

The amended code provides that a new trial may be granted on the application of the party aggrieved when it appears that his rights are "substantially affected":

"*First,* because of abuse of discretion of the court, misconduct of the jury or party, or accident or surprise which ordinary prudence could not have guarded against, or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case.

"*Second,* erroneous rulings or instructions of the court.

"*Third,* that the verdict, report or decision was given under the influence of passion or prejudice.

"*Fourth,* that the verdict, report or decision is in whole or in part contrary to the evidence.

"*Fifth,* for newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

"*Sixth,* that the verdict, report or decision was procured by the corruption of the party obtaining it." (Civ. Code, § 305.)

The third reason stated in the motion—"that the plaintiff did not have a fair trial"—is not a statutory ground unless it be made to appear that he was prevented from having a fair trial by one of the six grounds set forth in the statute.

There is nothing in the motion challenging the attention of the trial court to the principal claim now raised in this court, that incompetent or immaterial testimony in favor of defendant was admitted over the plaintiff's objections. The purpose of a motion for a new trial is to inform the trial court what errors are relied upon, in order that the court may, by granting a new trial, correct any error shown to exist. It would not be fair to the other litigant, nor fair to the trial court, nor to this court, if a defeated litigant were permitted to secure the reversal of a judgment on grounds not presented to the court below. If there be reversible error in a verdict or judgment the interests of justice and of both parties as well as of the public are best served by the granting of a new trial at once rather than after the delay and costs incident to an appeal. It is precisely for the same reasons that the amended code (§ 307) requires that where the exclusion of evidence is relied upon, the excluded evidence must be produced before the trial court so the trial judge may pass upon it and determine whether a new trial should be granted. (*Thompson v. Thompson,* 94 Kan. 168, 171, 146 Pac. 344; *Broady v. Fire Association,* 94 Kan. 245, 146 Pac. 343.)

Collins v. Morris.

"Only such matters as were considered by the trial court are open to review in the supreme court." (*Brock v. Corbin*, 94 Kan. 542, syl. ¶ 4, 146 Pac. 1150.)

In a recent case (*Washbon v. Bank*, 86 Kan. 468, 121 Pac. 515) it was ruled as follows:

"Certain evidence was admitted over the objection of plaintiffs. No complaint of the ruling was made in the motion for a new trial. *Held*, that the question can not be raised in this court." (Syl. ¶ 1.)

The errors of which the plaintiff now complains respecting the admission of testimony would have been sufficiently set forth if in his motion for a new trial he had merely alleged "erroneous rulings" in the language of the second ground provided in the statute.

"In a motion for a new trial it is sufficient to set forth the grounds in the language of the statute, and where such a motion recites "erroneous rulings" as one of its grounds, appellant can have a review of any ruling made on the trial respecting the admission of evidence." (*Coal Co. v. Nicholson*, 93 Kan. 638, syl. ¶ 2, 145 Pac. 571.)

The failure to raise the question below is unfortunate, for the court is satisfied there was prejudicial error in the admission of certain testimony respecting the measure of damages. This, however, furnishes some reason for what might under ordinary curcumstances be regarded as a rather technical consideration of the other errors assigned. We find nothing to indicate that the verdict was given under the influence of passion or prejudice. The court, over the objections of plaintiff, permitted the defendant to prove by a number of witnesses that the destruction of the shade trees caused no damage or injury to the real estate. These witnesses were permitted to testify that in their opinion the land was just as valuable for farming purposes without as with the shade trees, and one or two of defendant's witnesses thought the destruction of the trees benefited the land and made it even more valuable than before. The court having admitted the incompetent evidence, it was the duty of the jury to consider it; and the fact that they found for the defendant indicates that they did so because of this evidence, rather than that they were influenced by prejudice or passion.

There remains only the first ground stated in the motion— that the verdict is contrary to the evidence. The plaintiff's

testimony showed that the shade trees were valuable. A few of them were oak, and others elm. The plaintiff testified that he had planted them when he first acquired title to the land in the late "seventies" and early "eighties." Some of the witnesses for defendant admitted that the trees had a value of at least $5 each, and the testimony of the plaintiff tended to show that some of them were worth as much as $20 each. It can be said, therefore, that there was no dispute in the evidence that the trees possessed a value as shade trees. The testimony of the defendant himself shows that he destroyed the trees purposely and maliciously. It is true, on the trial defendant made some effort to show that a few of the trees destroyed stood on the line between the two farms, that the fence was not the true line, and therefore he owned a portion of these particular trees and had the right to burn them; but this was clearly an afterthought, and if his contention respecting the line were true, and if it were conceded that because he owned a portion of one or two of the trees he could destroy them, it furnishes no defense to his act in burning the others. Besides, his own testimony is an admission that he burned the trees purposely and maliciously because he became angry at the plaintiff for claiming that he was farming land that did not belong to him. On cross-examination he testified as follows:

"Q. You set fire to the tree? A. Yes, I did.

"Q. What did you do that for? You intended to burn the tree? A. Mr. Collins write for me—he wanted to rent my—he said I farmed twenty feet of the public highway; that is where the trouble came there."

While it is not the province of this court to weigh the evidence, it may determine that there is or is not sufficient evidence to support the verdict. (*Glenn v. Railroad Co.*, 94 Kan. 83, 145 Pac. 865.) In this case the verdict can not, in our opinion, be sustained by the fact that there was evidence from which the jury might have found that some of the trees destroyed were on the division line and therefore the defendant owned an interest in some of them. Because of his own admissions, the verdict should have been set aside. As a new trial must be ordered, it is proper to say that the objections to evidence showing the value of plaintiff's land immediately before and after the trees were destroyed should have been sustained. The plaintiff seeks to recover as damages treble the

value of the trees as appurtenant to the land under the provisions of the statute.   (Gen. Stat. 1909, § 9692.)

In *Railway Co. v. Lycan,* 57 Kan. 635, 47 Pac. 526, it was held that where trees are destroyed, and they had a distinct value susceptible of distinct measurement, the value of the trees or things destroyed is the best measure and the most satisfactory method of determining the value of the loss.   This doctrine was reaffirmed in *Barker v. Railway Co.,* 94 Kan. 61, 145 Pac. 829, where it was said in the opinion:

"It is not for the wrongdoer who causes an injury to decide whether an owner should have used his land for a particular purpose nor the use to which it can most profitably be employed.  He is liable to pay for the loss of the property appurtenant to real estate which is actually destroyed and which has a value independent of the land, such as buildings and trees, and the evidence indicates that there was no difficulty in determining the value of the trees destroyed and the loss sustained."  (p. 66.)

In the opinion in the Lycan case, *supra,* Mr. Justice Allen, speaking for the court, after recognizing that the best measure of the damage is the value of the thing destroyed as an appurtenant to, or part of the realty, used this language: "If for any reason the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution in value of the realty." Which, he adds, "might be shown, either on cross-examination of the plaintiff's witnesses or as a matter of defense."   (*Railway Co. v. Lycan,* 57 Kan. 635, 642, 47 Pac. 526.)

The language just quoted from the opinion was not necessary to the decision of that case.   It was *obiter.*   Applied to a certain class of cases where the plaintiff sues to recover the damages to the land itself, it may and doubtless would apply; but where, as in this case, the plaintiff has elected, as he undoubtedly may, to recover for the value of the specific thing destroyed and has offered no proof tending to show that he seeks to recover damages to the realty alone; and, on the other hand, has offered evidence to show the distinct value of the thing destroyed, it would be absurd to say that the wrongdoer, who has committed a willful act in destroying shade trees or trees in an orchard, may escape all liability for his wrongdoing by proof that the land would sell for as much or more for farming purposes without the trees as with them.   Is it conceivable that because there are residence lots in some places upon which

there are more shade trees growing than ninety-nine persons in a hundred would care to have if they owned the premises, that fact, if conceded, would justify another in committing a trespass and cutting down some of the trees? A farmer leaves a magnificent elm or oak standing in a field. Its shade and roots injure a quarter of an acre or more of the soil for farming purposes. By uprooting the tree the owner may add to the strictly commercial value of the field for purposes of raising corn or wheat. But when the field becomes a meadow or pasture the tree has a practical value; it furnishes shade for cattle, and aside from its utility it may have to the owner of the soil a value difficult to estimate in dollars and cents. It may be a tree which "perhaps has been brought to its present state by years of patient care and which may be a source of comfort and gratification to an entire community" and especially to its owner. (*Paola v. Wentz,* 79 Kan. 148, 153, 98 Pac. 775.) In the case just cited the court affirmed a judgment in favor of an abutting owner enjoining a city from destroying shade trees. In the opinion it was said:

"The interest of an abutting owner in a shade tree growing in the street is as sacred as any other property right. Sentiment and utility combine to give it value." (p. 153.)

(To the same effect see *Remington v. Walthall,* 82 Kan. 234, 108 Pac. 112.)

The correct rules for the measurement of damages to trees as trees is recognized in *Barker v. Railway Co.,* 94 Kan. 61, 145 Pac. 829, holding that where fruit trees which have a distinct value as part of the land are destroyed by the negligent act of another, and their value and the damages can be definitely measured and the court applies that rule, the defendant can not complain that the court failed to apply the rule as to the difference in the value of the land before and after the destruction. In that case, too, the court expressly held that the owner of the trees may recover their value as damages without regard to whether the land could have been used more profitably without them.

"The owner is entitled to plant an orchard on his land whether or not it is the most profitable use to which it can be applied, and if the fruit trees are destroyed he is entitled to claim damages from the wrongdoer for being deprived of such use and of the value of the trees." (*Barker v. Railway Co.,* supra, syl. ¶ 2.)

Hail Association v. Surety Co.

The before and after value of the land upon which a trespass has been committed is sometimes a proper measure of the damages sustained. In other cases, where the thing destroyed is fruit or shade trees, the plaintiff in an action under the statute has the right to elect to sue for three times their value as trees, and the wrongdoer can not defeat his right to recover by showing that the land was of the same or greater value after the destruction of the trees.

We conclude that the evidence as to the value of the land before and after the destruction of the trees should not have been admitted. The judgment, however, can not be reversed on that ground, because it is raised for the first time in this court.

For the reason that the judgment is manifestly contrary to the evidence it will be reversed and a new trial ordered.