No. 20,902.

## J. C. COLLINS, *Appellant*, v. JOHN MORRIS, *Appellee.*

### SYLLABUS BY THE COURT.

TRESPASS—*Destruction of Trees—Treble Damages—Verdict Contrary to Evidence—New Trial.* In an action under the statute (Gen. Stat. 1915, § 11672) to recover treble damages for the destruction of several shade trees of plaintiff the defendant admitted that because he was angry at the plaintiff he set fire to one of the trees, which all the evidence showed to be of some value. *Held,* that a verdict in defendant's favor should have been set aside and a new trial ordered. (*Collins v. Morris,* 97 Kan. 264, 155 Pac. 51.)

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed June 9, 1917. Reversed.

*E. J. Sheldon,* and *S. J. Shively,* both of Paola, for the appellant.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action is to recover treble damages for the alleged destruction by defendant of six shade trees which plaintiff claims were growing on his land near the division fence between his farm and that of the defendant. The jury found generally for the defendant. A motion for a new trial was overruled, and the court rendered judgment against plaintiff for costs, from which he appeals.

At a former trial there was a judgment for the defendant which on appeal was reversed. (*Collins v. Morris,* 97 Kan. 264, 155 Pac. 51.) The facts are set forth quite fully in the former opinion, and it will be unnecessary to restate them. The former judgment was reversed because it was manifestly contrary to the evidence, and therefore it was held that the court should have set aside the verdict and granted a new trial.

It was pointed out in the former opinion that there was error in the admission of certain testimony respecting the value of plaintiff's land for farm purposes before and after the trees were destroyed, from which testimony the court ap-

plied an erroneous measure of damages. Although the error was not properly raised by the appeal, the law was declared in the former opinion so that the correct rule might be applied on the second trial. There is no claim of error in respect to that matter in the present case.

In this appeal errors are alleged respecting the admission of testimony, the giving of instructions, and in permitting the jury, over plaintiff's objection, to be taken out to view the premises. We find no error in any of these rulings. It is true the trees had been destroyed a considerable time before the trial, but there was no abuse of discretion in sending the jury to view the place where the stumps of the trees stood, the court having fully charged the jury not to talk with any person in regard to the case. Moreover, there is no showing that anything improper took place.

The only claim of error which requires consideration is the refusal to grant a new trial. The former reversal was placed squarely upon the ground that the defendant admitted that he set fire to one of the trees, and when asked why he did this and whether he intended to burn the tree, stated in substance that trouble arose between him and Collins because the latter claimed he was farming part of the public highway, that he was angry and set fire to the tree. His testimony at the second trial was to the same effect. In answer to questions asked him by counsel, he testified:

"Q. Did you burn one of those trees a little on the north side? A. I did.

"Q. Which one was it? A. There on the corner.

"Q. The west tree? A. Yes.

"Q. What were you doing there that day when you burned that tree? A. Plowing.

"Q. What, if anything, happened to you while you were plowing there? A. I was plowing. Of course he said I was farming the public highway, and went down there and talked to their neighbors and I took the brush and straw and burned that tree; that is what I did.

"Q. When you testified before, I believe you said about catching your plow on a root? A. Oh, yes, I catched it to a root, and he monkeyed with me long enough and got me mad.

"Q. What did you do? A. I went after a bunch of straw.

"Q. Where did you go to get the straw? A. I went to Cap. Collins' pasture, right opposite it.

"Q. How big a bunch of straw did you get? A. Well, a handful.

"Q. What did you do with the straw? A. Flung it over there and put a match on it and set it afire.

"Q. Which side of the tree did you set it on? A. On the south side.

"Q. Then after you put it on the south side of the tree what did you do? A. I went on plowing.

"Q. Did the straw just lay there? A. Oh, I lit the straw; I set it afire.

"Q. Did it scorch the tree a little? A. Just a little.

"Q. That was the west tree? A. Yes, that was the west tree; that is on the corner.

"Q. Now, John, did you ever burn any other trees along that line? A. No, sir.

"Q. Never burned any other tree? A. No, sir."

On cross-examination he was asked why he burned the tree, and replied:

"Mr. Collins write for me and said I farmed 20 feet of the public highway; that is where the trouble came in there."

Several other trees near the partition fence were shown to have been burned or girdled, and a finding that defendant was responsible for their destruction could not be said to have been unwarranted by the evidence. But he denied having anything to do with their destruction, and there was a conflict in the evidence as to their exact location and whether they were on the plaintiff's land or that of the defendant. Notwithstanding the general verdict is against the plaintiff as to all the other trees, it was just as much the duty of the trial court to set aside the verdict and to grant a new trial in the present instance as it was before. There was evidence of the value of the tree destroyed, although it was conflicting; but a shade tree, such as all the evidence shows the one in question to have been, has some value, a fact of which courts should and will take judicial notice. Upon the undisputed facts the jury had no right arbitrarily to find that such a tree had no value. It was the duty of the jury to find its value and allow the plaintiff three times the amount as damages for the willful trespass. Where a jury refuses upon undisputed facts to return a proper verdict it becomes the duty of the court to set the verdict aside and order a new trial.

For the reasons stated the judgment is reversed and a new trial ordered.