No. 21,655.

T. M. HAMILTON, *Appellant*, v. THE EASTERN KANSAS OIL
COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

VERDICT SET ASIDE — *Judgment on Special Findings — Appeal — Error
Must Affirmatively Appear.* Error will not be presumed, but must
affirmatively appear. Where a review is sought of the action of the
trial court in setting aside a general verdict and rendering judgment
on the special findings, and none of the evidence is abstracted, but on
the special findings the action of the trial court would be justified
provided there was no evidence of a certain character offered, it will
not be presumed that there was such evidence.

Appeal from Allen district court; OSCAR FOUST, judge.
Opinion filed July 6, 1918. Affirmed.

*C. S. Ritter,* of Iola, for the appellant.

*Charles H. Apt,* and *Fred Apt,* both of Iola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant has an oil refinery near plain-
tiff's farm, and in connection therewith operates a number of
oil wells, including three on plaintiff's premises. The action is
to recover damages to plaintiff's land, the petition alleging that
during the two years last past defendant negligently permitted
large quantities of crude oil and salt water to escape from its
wells, tanks, pipe lines, and power plant and to overflow a strip
on plaintiff's land eight or ten rods wide, resulting in injury to
the land, the grass and crops, rendering the water in the pools
unfit for the use of stock; and that quantities of oil and salt
water adhered to the grass and bushes, making them unsightly,
and contaminating the clothing of persons on the farm

The answer, with a general denial, alleged that defendant
paid plaintiff his full share of the rents and royalties under a
lease which permitted defendant to operate the wells for the
mutual benefit and advantage of both parties; that it had
properly and carefully drilled and operated the wells so as to
produce and yield the best results to plaintiff and defendant,
and that any injuries sustained were merely the natural and

necessary results of such development and operation, and within the intent of the lease authorizing defendant to enter upon the premises. The jury returned a verdict for plaintiff in the sum of $25, and made a number of special findings. The court sustained defendant's motion for judgment, notwithstanding the general verdict, and overruled plaintiff's motion for a new trial.

The trial was had in January, 1917. In offering testimony showing his damages, plaintiff was necessarily confined to the two years following April 11, 1914. It is complained that the court erred in sending the jury to inspect the premises, for the reason that during the ten months that elapsed after April 11, 1916, much of the visible evidence of the damages had disappeared; the oil had evaporated; the deposits on the grass, bushes, etc., were gone. We think a view of the premises to ascertain the general condition of the land would enable the jury to understand the evidence more intelligently, and besides, the action is to recover for permanent injuries to the land, and, therefore, it cannot be said there was an abuse of discretion.

In answer to special questions, the jury found that the ordinary and usual operation of an oil well produces water and salt water sediment along with the oil; that it is necessary to pump from the wells into tanks to allow the product to settle; and that it is necessary to draw the water and sediment from the tanks in order to make the oil marketable. They also found that in order to operate oil wells properly, it is necessary to pull sucker rods, renew cups, and pull tubing at the wells, and that in doing these things there is necessarily some oil left at the wells. They found the reasonable market value of plaintiff's land on April 11, 1914, to be $40 an acre, and that this was the reasonable market value two years later. One question appears to have been answered in plaintiff's favor, as follows:

"Have the defendants operated the oil wells on plaintiff's land and the wells on adjacent leases during the four years last past, in the usual ordinary and customary manner for the production of oil from the wells? A. No."

It would not have been necessary for plaintiff to show an actual depreciation in the selling value of the land to entitle him to recover actual damages to growing crops or to stock, if

these were shown to have been caused by defendant's negligence. The defendant would have been liable to pay for the property pertinent to real estate, and actually destroyed, which possessed a value independent of the land, provided it was shown that the damages were caused by the wrongful act of defendant. (*Barker v. Railway Co.*, 94 Kan. 61, 145 Pac. 829; *Collins v. Morris*, 97 Kan. 264, 155 Pac. 51; *Id.* 101 Kan. 135, 165 Pac. 862.) A crop of hay or the pasture for a season might be destroyed by the act of the defendant, yet the value of the farm taken as a whole and for the purposes of sale might be the same or even more than at the time the injury was committed.

The petition was broad enough to include damages caused by the action of the oil and salt water upon plaintiff's growing crops and pasture and to live stock, separate and apart from the diminished market value of the farm, but error is not presumed; it must affirmatively appear that the court committed error or the judgment will be affirmed. While plaintiff enumerates in detail the method by which the defendant injured his land, he alleges as damages that these things diminished the farm's value in the market, and he asks damages in the sum of $4,000. No brief has been filed by the defendant; the plaintiff has brought up none of the evidence, and we have only the record as it comes before us to discover the reasons upon which the trial court sustained the motion for judgment on the special findings. The plaintiff may have offered evidence to show that he sustained damages separate and apart from the diminished market value of his land, but we have no right to assume that this was a fact. He could have asked special findings as to damages of this character. With none of the evidence before us, however, we must assume that the trial court sustained the motion for judgment because there was no evidence of such damages, and because of the finding that the market value of the land was not diminished. There was no error in the refusal to grant a new trial, and the judgment is affirmed.