No. 21,815.

J. C. COLLINS, *Appellant,* v. JOHN MORRIS, *Appellee.*

SYLLABUS BY THE COURT.

1. TRESPASS—*Destruction of Trees—Disputed Boundary Line—Private Survey—Competent Evidence.* In an action of trespass to recover for the destruction of trees growing near a disputed boundary line, evidence of a private survey made at the instance of the defendant, without notice to the plaintiff, may be received for the purpose of showing whether or not a trespass had been committed by the defendant.

2. SAME—*Damages Not Within the Issues—Instruction.* One who sues for damages for injury to trees standing wholly on his own land has no right to complain of an instruction that he cannot recover for injuries to trees standing on the division line and partly on the land of each of the contending parties.

3. SAME—*Consistent Verdict and Findings.* The verdict is held to be not inconsistent with the special findings of the jury and is not without support in the evidence.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed January 11, 1919. Affirmed.

*S. J. Shively,* of Paola, for the appellant.

*Alpheus Lane,* and *Frank M. Sheridan,* both of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover treble damages for the destruction by defendant of shade trees growing near the line dividing the farms of the parties. The defendant prevailed, as he did on two former trials, and plaintiff appeals.

This is the third appeal in the litigation and, as the issues and most of the facts have been set out at length in former opinions, it is not necessary that they should be retold. (*Collins v. Morris,* 97 Kan. 264, 155 Pac. 51; *Collins v. Morris,* 101 Kan. 135, 165 Pac. 862.) On this appeal, plaintiff assigns error upon the admission of testimony given by a witness as to the location of the trees alleged to have been destroyed. He had assisted in making a survey of the line between the farms of the parties and had noted the location of the trees in ques-

tion. It appears that there was a dispute as to the line of division and the location of the trees, and there was a claim that a division fence on an agreed boundary had been moved, and had not been rebuilt upon a straight line between established stones of a former survey. The witness, in company with another surveyor, ran the line, and then gave testimony as to the location of the trees. It is contended that as no notice was given of the survey and it was not made by a public official, the testimony was inadmissible. This was not a survey proceeding. The witness had not undertaken to make a statutory survey, neither was he undertaking to establish a boundary. He made a private survey in order to show on which side of an established boundary certain trees stood. Although a private survey, it tended to show whether or not the defendant had injured or destroyed trees on the plaintiff's land and was admissible for what it was worth. (*Holliday v. Maddox,* 39 Kan. 359, 18 Pac. 299; *Schwab v. Stoneback,* 49 Kan. 607, 37 Pac. 142; *Bain v. Peyton,* 80 Kan. 376, 102 Pac. 251; *In re Nelson's Appeal,* 88 Kan. 219, 128 Pac. 376.)

There is complaint of some of the instructions given and some of those refused by the court. The issues appear to have been fairly presented, so far as we can determine what the issues were. As the pleadings are not in the abstract, the issues must be gathered from the instructions and the evidence, only a part of which has been preserved.

An instruction given by the court is to the effect that if the owners of adjoining lands agreed upon a boundary and had acquiesced in it for fifteen years, it should be regarded as the established line, and that trees growing on either side of that line would belong to the owners of the respective sides. This was a better statement of the law than the one requested by the plaintiff touching the same subject.

Objection is made to an instruction to the effect that the plaintiff could not recover for any injury to trees standing on the line or partly on both sides of the line. The plaintiff rightly contends that a tree which is wholly or in part upon the division line cannot be cut or injured by one owner without the consent of the other, and an owner may maintain trespass for any cutting or injury to the tree without such consent. (1 C. J. 1234.) However, the trial court did not undertake to

decide what the rights of the parties would be as to trees standing on the line, but based his ruling on the pleadings, saying that:

"The plaintiff is suing for damages to trees which he claims stood *wholly* upon his side of the line between his land and that of the defendant, Morris, and you should not in this case allow for any damage which may have been done to trees standing *partly* on both sides of the line."

The plaintiff was not entitled to recover for other wrongs than those alleged in his petition, and we must assume that the plaintiff's petition limited his recovery as the court has stated.

No error was committed in denying plaintiff's request that a witness who had assisted in making the private survey, bring into court a book containing the public record of surveys. The book was not in his custody and, therefore, he had no more right to take it from the public records than any other stranger. If it was material evidence in the case, it could easily have been produced by the public officer in whose keeping it was placed.

There is a contention that the special findings of the jury are inconsistent with the general verdict. Among other findings, the jury found that plaintiff and a prior owner of defendant's land agreed that a certain fence should be regarded as the true boundary line between the farms; that this line had been recognized as the true line for more than fifteen years before 1912; and that the fence had been maintained on that line during that period. The jury also found that prior to the time of the alleged injuries, the defendant had not made any claim to the plaintiff that the fence or any of the injured trees stood on defendant's land. There is no necessary inconsistency between these findings and the general verdict. It appears that the fence on the agreed line had been moved in 1912 by a tenant of plaintiff, and this accounts for what might seem to be a conflict in the testimony and findings. Besides, the fact that there was an agreed line upon which there was a fence, and that the defendant did not make specific claim to trees prior to the time the trees were injured, does not conflict with the general finding that the defendant did not commit the trespass with which he was charged. The findings do not imply that he injured any trees on plaintiff's land, and there

was testimony to the effect that he did not cut or injure any tree involved in this litigation. The fact that he did not present a claim, or assert to the plaintiff that the fence or trees stood on his land, does not determine where the trees in fact stood. He specifically denied that he interfered with any of the trees mentioned, except one, and that was upon his side of the line. According to his testimony, it is what is called a double tree which was on the line; one trunk extended out on plaintiff's land and the other upon that of the defendant. As the roots of the tree interfered with plowing near it, defendant stated that he undertook to burn and kill the one on his own land. If the trunk burned can be regarded as an individual tree and wholly upon his own land, he was entitled to dispose of it as he chose, and if the two trunks are to be regarded as a single tree, partly on the land of each owner, it was not within the recovery asked by plaintiff in his petition.

As the record stands, it cannot be held that the findings and verdict are without support.

Judgment affirmed.