No. 31,076

S. A. WILSON, *Appellant,* v. A. M. WALT, *Appellee.*

(25 P. 2d 343.)

Opinion filed October 7, 1933.

*W. L. Sayers,* of Hill City, and *W. H. Clark,* of Hoxie, for the appellant.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action for damages for slander. The jury returned a verdict for defendant. Plaintiff has appealed.

From the record it appears that defendant and his wife had lived in Gove county, where they had property, and were the parents of several grown children, but in 1926 were living in Oregon City. Plaintiff is a funeral director and had been engaged in that business at Quinter in Gove county since 1923. In 1926 he married a daughter of defendant, and he and his wife visited with defendant and his wife at Oregon City, remaining there about two weeks. Plaintiff and his wife again visited defendant and his wife at Twin Falls, Idaho, in 1927, remaining about two weeks. In 1928 plaintiff's wife visited her parents at Fort Collins, Colo. In July, 1929, defendant was in Gove county looking after his farm. Plaintiff and his wife went to visit him, and while there defendant charged plaintiff with being unduly familiar with his wife on the visit in Idaho. On March 30, 1930, defendant and his wife were then living in Gove county. They had trouble that day. Several of their children were there, but plaintiff was not present. While the extent of that trouble is not shown, one of the sons went for the sheriff and county attorney and brought them to the house. When they reached the house the county attorney asked the defendant if they were having some trouble. He replied that they were, and charged his wife with immorality, and in doing so used coarse and vulgar language. When the county attorney told him he must be mistaken, the situation could not be true, he was vehement in his assertions that he was correct and named plaintiff as the person with whom his wife had been immoral. The remarks of the defendant on that occasion are the basis of this action for damages for slander.

Defendant's wife died in July, 1930. Plaintiff was the undertaker in charge of the funeral. When he went to present his bill to the defendant he took the sheriff with him. Defendant complained that the bill was excessive, was fussy about it, kicked plaintiff and plaintiff struck him. They cursed each other and fought. When the

summons was served on defendant in this action in January, 1931, he appears to have become much excited, did something unusual about his stock, just what was not shown, went to the house and inflicted a gun-shot wound upon himself, apparently in an attempt at suicide.

There was much evidence that defendant, although sane on business matters, had insane delusions respecting the morality of his wife, that he was crazy on the subject, and that he had no cause to entertain such views. Prior to March 30, 1930, some of his children had discussed the necessity of having him examined or treated because of these insane delusions. He was examined by one physician who found no evidence of brain disease but did find him not normal on some subjects. There was talk of taking him to Topeka for better examination. The evidence tended to show that his relatives and the officers who heard his remarks on March 30, 1930, regarded them as being without foundation in fact and as the utterances of one under a delusion on that subject. They thought none the less of plaintiff by reason of these remarks. Plaintiff later heard of these remarks, and while they hurt his feelings, he did not show any actual damage sustained by reason of them.

Appellant's first contention is that the court should have granted a new trial for the reason that the evidence supporting the allegation that the remarks complained of were made was uncontradicted. Defendant did not take the witness stand. It is argued that the jury had no right or authority to disregard the uncontradicted evidence, and that it was the duty of the court to grant a new trial. In support of this contention appellant cites *Collins v. Morris,* 101 Kan. 135, 165 Pac. 862; *Ireton v. Ireton,* 62 Kan. 358, 63 Pac. 429; *Shellabarger v. Binns,* 18 Kan. 345, and allied cases. We think the principle controlling the cases cited is not applicable. The mental condition of the defendant, and the fact that no actual damages were shown, were matters to be taken into account. In 32 C. J. 750 the rule with reference to the liability of an insane person for slander is thus stated:

"Whether an insane person is or is not liable in damages for libel or slander depends on whether intent or malice is an element of the particular libel or slander. If it is, a person is not liable in damages therefor if, at the time of speaking or publishing the defamatory words, he was totally deranged, or was the victim of insane delusions on the subject to which the words related; and where defendant was not totally deranged at the time of uttering the words

complained of, he may nevertheless prove the unsound condition in the mitigation of damages. If malice is not necessary in order to recover actual damages done by an unprivileged libel or slander, an insane person may be liable to the extent of the actual damages caused by his libel or slander, but smart money cannot be given against him."

To the same effect is 14 R. C. L. 598; 16 A. & E. Enc. of L., 2d ed., 622; Townshend on Slander and Libel, 2d ed., § 248; and 1 Cooley on Torts, 4th ed., 192.

Appellant contends that the evidence with respect to defendant's mental condition, or delusions on this one subject, was improper for the reason that it was not specifically pleaded, the answer in this case being a general denial. The authorities are to the effect that such evidence may be admitted under a general denial. (See 32 C. J. 785; 37 C. J. 39; 14 R. C. L. 616.) But passing that, the issue was tried out. Plaintiff introduced evidence on that point in rebuttal, and it would be futile to send this case back for retrial because of the form of the pleadings on this question.

Plaintiff requested an instruction to the effect that the evidence tending to show defendant attempted to commit suicide in January, 1931, should not be considered by the jury as having any bearing upon the mental condition of defendant in March, 1930. When the question of insanity of a person of a particular date is an issue, his conduct both before and after that date may be used as having a bearing upon the question, and while this incident was remote, its weight was for the jury. More than that, appellant specifically says he has no objection to the instructions given by the court. Ordinarily when the instructions given cover the issues in controversy and are free from objections, the fact that the court refused a requested instruction becomes immaterial.

The jury appear to have taken the view that the language complained of was the utterance of one under a delusion on that subject; those who heard it so understood it, and thought none the less of plaintiff, and that plaintiff had sustained no actual damage. In view of all the facts shown, the jury thought plaintiff should not be enriched from defendant's estate, and returned a verdict accordingly. The trial court approved the verdict. We see no reason to disturb it.

The judgment of the court below is affirmed.