## ISAAC WRIGHT V. ISAAC S. BROWN.

### *Error from Lyon County.*

TRESPASS TO TIMBER LAND: MALICE.—Section one of chapter 114, General Statutes, gives treble damages for certain trespasses therein mentioned, without regard to the motive of the offender; so that the statute applies as well to cases where there was no malicious motive or vicious intent, as where either of these feelings actuated the trespasser.[*]

The body of the petition in this case below is substantially as follows:

1. "The plaintiff says he is the owner of a tract of land consisting of (description) situate in Lyon county, Kansas, and has been such owner ever since the 7th day of September, A. D. 1865.

2. "The defendant, Isaac Wright, on the 1st day of February, 1867, and at divers other times between the said 1st day of February and the filing of this petition,

---

[*] TRIAL: ELECTION OF CAUSES OF ACTION.—Where the petition sets forth plaintiff's ownership in lands, that defendant entered thereon and unlawfully cut down and carried away trees growing thereon of the value of, etc., said defendant having no interest in or right to the same, praying judgment for treble the value of the trees, the plaintiff is not obliged to elect whether he will proceed for simple damages as at common law, or treble damages under the statute. The petition is sufficient in either case.

did unlawfully cut down and carry away of the trees growing for use upon said land of the value of two hundred dollars, (reference being had to schedule 'A' herewith attached for the number and kind of said trees,) he, the said Isaac Wright, at the time of said cutting down or carrying away having no interest or right in said trees, the same standing or being on land not his own. Wherefore plaintiff prays judgment for the sum of six hundred dollars, being treble the value of the said trees so as aforesaid cut down and carried away, with costs."

This petition was demurred to, and on the demurrer being overruled the defendant moved that the plaintiff be required to "elect whether he will pursue his remedy exclusively under the statute or under the common law." This motion was overruled, an answer filed and a demurrer thereto, which was overruled and a reply filed. The trial was before the court, who made special findings and rendered judgment for the plaintiff for three times the value of the timber taken, as proved. Other facts appear in the opinion.

*A. Gillett*, for plaintiff in error.

*Ruggles & Plumbe*, for defendant in error.

*By the Court*, KINGMAN, C. J.

The sole question to be considered in this case is, whether section one of chapter 114, General Statutes, gives treble damages where the elements of malice are wanting. The petition does not allege any malicious motive, only stating that the defendant unlawfully cut down and carried away of the trees growing for use on the plaintiff's land of the value, etc. The case was tried by the court who found for the plaintiff, and that the value

of the trees cut and carried away, was $142.50; that there was no evidence going to show that defendant was actuated, in doing what he did, by any malicious motive. That there had been a dispute and litigation as to the title to the land from which the trees had been cut, which had been decided adversely to the defendant, and that the land and trees were and had been the property of the plaintiff. Upon these findings the court gave judgment for $427.50, or treble damages. It is claimed that this is error.

CUTTING DOWN Timber: Malice: Treble Damages. It will be observed that the statute gives the damages without regard to the motive of the wrong doer, and it would be a gross error for this court on any supposed hardship to interpolate words that would destroy the statute in almost every case where it could have an application. The motive which usually actuates men in doing the wrongs for which this statute gives the remedy, is not a malicious one, but more frequently an avaricious one. The court below followed the plain and obvious reading of the statute; we cannot do otherwise. There being no obscurity, there is no room for construction. We copied the statute from Missouri. The construction we have given to it is the one uniformly given by the courts of that state under a proper state of pleadings and evidence. Nor is the fact that the land was in litigation, even in good faith, any reason why treble damages should not be given. During that litigation the defendant should have let the timber alone.

In the case of Emerson v. Beavans, 12 Missouri, 512, the Supreme Court of Missouri held that because the evidence showed that defendant had probable cause to believe that he was cutting on public land, and not on private property, was no reason why treble damages

should not be given. The learned judge who delivered the opinion, saying "the only reason which should be entertained in extenuation of such a trespass, should be in the language of the statute, that the land or the thing was "his own."

The demurrer was properly overruled, the petition being a good one.

ELECTION OF
Causes of Action. The court correctly refused to compel an election on the part of the plaintiff as to whether he would proceed for the actual damages or treble damages. The petition was obviously intended for the latter, and was good for either, so that there was nothing to elect.

These two last points are not pressed in the argument, but are raised by the record and the petition in error, and we have necessarily decided them.

The judgment must be affirmed.

All the justices concurring.