LAWRENCE HAYDEN, *Appellee,* v. THE MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY, *Appellant.*

No. 16,948.

SYLLABUS BY THE COURT.

DAMAGES—*Injury by Fire—Growing Crops—Double Damages.* In an action for an injury by fire an instruction that the plaintiff may recover the value of the unsevered timothy and clover, in addition to the reasonable cost of restoring the field to its original condition, is not necessarily erroneous.

Appeal from Labette district court. Opinion filed March 11, 1911. Affirmed.

*John Madden,* and *W. W. Brown,* for the appellant.
*M. E. Williams,* for the appellee.

The opinion of the court was delivered by

MASON, J.: This is an appeal from a judgment for a fire loss. The questions presented are for the most part disposed of by what is said in a very similar case, *Hilligoss v. Railway Co.,* ante, p. 372.

A special complaint is here made because the trial court allowed a recovery of the value of the second growth of timothy and clover as pasture, and in addition the amount necessary to place the meadow in its original condition. This is not objectionable as a doubling of damages. In *Bradley v. Ia. Central Ry. Co.,* 111 Iowa, 562, it was said:

"Plaintiff was allowed to introduce evidence of the value of the growing grass upon this meadow, and this, with the cost of restoring the meadow, was given the jury as an element of damages. The complaint on this score is that plaintiff was thus awarded double damages. This, we think, is not so. Restoring the meadow meant, and could only have been understood to mean, putting the grass roots in the condition they were before the fire." (p. 565.)

The rule followed may not be applicable in every case of a similar loss, but it gave a fair measure of compensation in the present instance.

Instructions are complained of as making too rigorous a requirement of the railway company as to the care to be exercised in the construction of its engines. The jury found that the engine was not in good condition, and in effect that there was no proof that it had been properly inspected. Any error in relation to negligence in the original condition therefore became immaterial.

The judgment is affirmed.