No. 19,194.

SARAH F. BARKER, *Appellee*, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Fruit Trees by Fire—Measure of Damages*. Where fruit trees which have a distinct value as a part of the land are injured and destroyed by fire through the negligence of another, and their value and the damages sustained can be definitely measured by showing the value of the trees before and after the fire, and this measure is applied by the court, there is no material error in the failure of the court to direct the application of the rule that the measure of damages is the difference in the value of the land before and after the burning of the trees.

2. SAME—*Owner May Use Land for Any Purpose Desired*. The owner is entitled to plant an orchard on his land whether or not it is the most profitable use to which it can be applied, and if the fruit trees are destroyed he is entitled to claim damages from the wrongdoer for being deprived of such use and of the value of the trees.

3. SAME—*Damages Not Excessive*. Under the evidence herein it can not be held that the damages awarded are excessive.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 9, 1915. Affirmed.

*W. P. Waggener, J. M. Challis*, both of Atchison, and *J. N. Baird*, of Kansas City, for the appellant.

*J. O. Emerson*, and *David J. Smith*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Sarah F. Barker, the appellee, recovered a judgment against The Missouri Pacific Railway Company, the appellant, for damages for the destruction of a part of an orchard and some meadow by fire, alleged to have been caused by the negligent operation of one of appellant's locomotives. In her

petition she alleged, substantially, that on August 2, 1911, a freight train of appellant passed through her farm and the locomotive threw out fire, which ignited dry vegetation and other combustible material on the north side of appellant's railway track; that the fire thus started spread to and burned across the meadow and orchard on her farm, causing a loss of $4000, and she alleged, further, that the fire was caused by the negligent operation of appellant's railway. She also asked for $500 as an attorney's fee. The appellant answered by general denial and allegations that its locomotive was properly equipped with modern fire-arresting appliances, that it was handled by competent and careful employees, and that the fire was not the result of any negligence on its part. On the trial appellee offered evidence tending to show that the locomotive in question was puffing and working hard when it passed through her farm; that shortly after its passage fire was discovered north of and near the track; that the fire spread over her meadow, destroying it, and then entered into the orchard, where it destroyed a considerable portion of it. She also offered evidence tending to show that about ninety-two apple trees were destroyed and about sixty-five badly damaged, and that these were of the value of from $10 to $12 each; that sixty-five peach trees were destroyed, which were of the value of about $3 each, and that the orchard was in good condition and productive before the fire, but was practically destroyed by the fire. Evidence was also given by appellee that a reasonable attorney's fee for prosecuting the action would be between $200 and $400. The appellant, on the other hand, offered evidence tending to prove that the engine in question was in good condition, that it was not negligently operated, and that it was equipped with modern fire-arresting appliances. The appellant also offered much evidence tending to support its contention that the orchard was not in good condition, but,

on the contrary, that it had not been cared for in a proper manner and that many of the trees had been rendered valueless by various insect pests. The verdict of the jury was in favor of appellee, allowing her $1060.50 as damages for the destruction of the orchard and meadow and $250 as attorney's fees. Special findings were returned to the effect that the fire was caused by the negligence of the appellant, that appellant's locomotive was not equipped with modern fire-arresting appliances that were in good repair, that the appellant had not exercised reasonable care in selecting the appliances and in keeping them in good order, but also found that the fire was not caused by the negligence of the engineer or fireman nor because of the quality of the coal used.

On this appeal it is contended, first, that there should be a reversal because the damages awarded are excessive. If the court were to look no further than the evidence of the appellant it might conclude that the orchard was not in good condition and was not of much value. There is other testimony in the case, however, and to which the jury no doubt gave credit, which tends to show that the trees constituted what is called a commercial orchard in good condition and that the loss resulting from the fire was as much or more than the amount awarded by the jury. A number of appellee's witnesses who had orchard experience and were acquainted with the value of trees in that vicinity, and knew the condition of the trees prior to the fire, stated that the trees were in a reasonably healthy condition and constituted a fairly good commercial orchard. The condition of the trees, the value of those injured and destroyed, and the amount of the loss sustained by reason of the fire were interesting and debatable questions until they were determined by the jury upon what appears to be competent and sufficient testimony. It is said that the values fixed by the witnesses of appellee were based on the value of trees

that were in a healthy condition, and that proper consideration was not given to the fact that the trees of appellee had been injured by insects and by lack of pruning. It appears that the witnesses for the most part fixed the value of the trees as they found them prior to their destruction by the fire and of trees such as those in question were shown to be. There is complaint that witnesses were allowed to testify what trees would produce or be worth in the future rather than what they were worth just before the fire. While some of them referred to crops usually borne by trees of that character, it appears that they did not base their opinions on the value of the future crops but rather on the character of the trees and the condition of the orchard as it existed before it was burned. The court specifically instructed the jury that in fixing the damages sustained they "should not indulge in any speculation as to the extent or value of the fruit crop which said trees might have produced in the future."

Objections are made to the instructions but they furnish no ground for setting aside the verdict and judgment.

One objection is that the court did not permit the jury to measure the damages of appellee by finding the difference in value of the entire farm before and after the fire. The court instructed the jury that if they found for the appellee the measure of her damages would be "the reasonable value of the fruit trees destroyed, as a part of the land of the plaintiff, and the hay destroyed and the amount of loss suffered by the plaintiff by the depreciation of the value of the orchard which was injured by said fire."

In another instruction the jury were advised that:

"Only such damages as were proximately caused by the fire in question can be allowed, taking into consideration the value of said fruit trees immediately after the fire in question and immediately before said fire; also, taking into consideration the character of said trees, and all circumstances proven by the evidence

which tend to show the actual loss by said fire to the plaintiff."

The jury were told that in measuring the damages of the plaintiff the trees were to be regarded as a part of the land and that they might consider any and all evidence proven which tended to show the actual loss. The testimony showed the number and character of the trees destroyed and injured, and although they constituted a part of the land they had a distinct value as an appurtenance of the land and the loss sustained could be definitely measured by the evidence of the number and character of the trees destroyed and injured. In *Railway Co. v. Lycan,* 57 Kan. 635, 47 Pac. 526, it was held that when trees were destroyed by fire, as in this case, and they had a distinct value which under the evidence was susceptible of definite measurement, the value of the trees or things destroyed is the best measure and the most satisfactory method of determining the extent of the loss. It was also said that it was only where damages to one part of the land affect other parts and were incapable of more direct proof that it is necessary to resort to the rule of finding the difference in the value of the land before and after the injury. Other cases of like import are, *Railway Co. v. Arthurs,* 63 Kan. 404, 65 Pac. 651; *Railroad Co. v. Perry,* 65 Kan. 792, 70 Pac. 876; *Railway Co. v. Geiser,* 68 Kan. 281, 75 Pac. 68.

Witnesses of the appellant testified that the farm of appellee was as valuable without as with the orchard on it. Some might prefer to have the land clear of trees and regard the naked land to be of more value than if it were planted with fruit trees. The owner, however, is entitled to use his land for an orchard and to compensation in case it is wrongfully destroyed. Appellee had a right to claim damages for being deprived of its use as an orchard, or in fact of any use to which it is adapted and which is most advantageous to her. (*Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan.

5—94 KAN.

158, 8 Pac. 138, 55 Am. Rep. 242; *Comm'rs of Smith Co. v. Labore,* 37 Kan. 480, 15 Pac. 577; *C. K. & W. Rld. Co. v. Willits,* 45 Kan. 110, 25 Pac. 576; *Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853; *Railway Co. v. Weidenmann,* 77 Kan. 300, 94 Pac. 146.)

It is not for the wrongdoer who causes an injury to decide whether an owner should have used his land for a particular purpose nor the use to which it can most profitably be employed. He is liable to pay for the loss of the property appurtenant to real estate which is actually destroyed and which has a value independent of the land, such as buildings or trees, and the evidence indicates that there was no difficulty in determining the value of the trees destroyed and the extent of the loss sustained. In fact both parties offered evidence as to the value of the trees which had been destroyed and injured, and the appellant seems to have adopted and approved this rule of measuring the damages by asking that the jury make a special finding as to the number and value of the different kinds of fruit trees that were injured and destroyed. In view of the evidence in the case and the course of the trial we think the appellant has no reason to complain of the rule applied by the district court as to the measure of damages.

There was no occasion to inquire as to the effect of the fire upon the land of appellee on the south side of the railroad. She had not alleged nor claimed that that part of the farm had been injured, but limited her claim for damages to the orchard tract on the north side, and hence the court properly instructed the jury to confine the allowance of damages to the injury to the orchard and meadow lying north of the track and which arose from the negligent operation of the railroad by appellant.

We find nothing in the special findings inconsistent with the general verdict nor any material error in the proceedings which requires a reversal. The judgment will therefore be affirmed.