No. 21,501.

J. L. KENNEDY, *Appellee,* v. L. G. TRELEAVEN, as Receiver of the Consumers Light, Heat and Power Company, *Appellant.*

SYLLABUS BY THE COURT.

1. BUILDING DESTROYED BY FIRE—*Measure of Damages.* The measure of damages for the negligent destruction of a building by fire, where there is no malice or willful wrongdoing, is the fair and reasonable value of the building at the time and place of its destruction.

2. SAME—To arrive at the damages sustained, where the building burned had no market value, resort may be had to any facts which fairly tend to show its actual value when it was destroyed, and a permissible method of proof is by showing the cost of replacing the building, less any depreciation from age, use, utility, or condition.

3. SAME—*Cost of Building as an Element of Damages.* The cost of property destroyed, less a deduction for deterioration, is a proper element for consideration in fixing its value in some cases, but where the building burned had been erected more than twenty-six years before the fire occurred, when the cost of material and labor which entered into it differed greatly from the present cost of the same, evidence of the original cost is not essential.

4. SAME—*Trial—Instructions*—No error is found in the instructions of the court, and the evidence is deemed sufficient to support the verdict.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 9, 1918. Affirmed.

*L. S. Ferry, T. F. Doran,* and *M. F. Cosgrove,* all of Topeka, for the appellant.

*Eugene S. Quinton,* and *Douglas D. Mote,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for the negligent destruction of a building. A judgment in favor of the plaintiff was recovered, from which the defendant appeals.

J. L. Kennedy, the plaintiff, owned a residence in Oakland estimated to be worth $2,000, which had been insured for $1,000, and he only asked judgment for $1,000. The defendant company

had been supplying gas for the residence during its occupancy by a tenant, who had just moved out of the building, and when he did so notice was given the defendant of the vacancy, and it was asked to come and cut off the gas. In pursuance of the notice, an agent of the defendant obtained the key and entered the building, when he read the meter, and undertook to cut off the gas, but negligently left it open so far as to allow gas to escape. A neighbor who was present when the agent was in the building called his attention to the fact that gas seemed to be escaping, and in order to test it the agent touched a match to the gas at the end of a pipe that had been disconnected from a stove. The gas was ignited and burning, but the agent stated that there was no more gas escaping than there was in the pipe above the cut-off. He left the gas burning, and shortly afterwards the building was consumed by fire.

The principal question on this appeal is whether or not the plaintiff established the extent of the loss by competent and sufficient proof. The question was raised by an objection to evidence and an instruction of the court as to the character of evidence by which plaintiff's damages might be measured. There was sufficient evidence as to the origin of the fire, and that it resulted from the negligence of the defendant, to uphold the verdict. Testimony was offered as to the size, plan, material, finish and condition of the building burned. There was also testimony in regard to the cost of constructing a house of the kind burned, and also as to the deterioration of the building from the time it was erected until it was destroyed. The house had been built of white pine, which witnesses said was better and more enduring than the pine now obtainable, but that white pine was no longer on the market, and hence their opinions were based on merchantable pine which was now on the market at this place. Defendant contends that the evidence mentioned was not receivable in the absence of proof of the original cost of the building.

Generally speaking, it may be said that one whose property is negligently destroyed by another is entitled to recover the actual loss sustained. There being no malice nor intentional wrongdoing, compensation is the proper measure, and hence the defendant was liable for the reasonable value of the building burned at the time and place of its destruction. There is no

universal test for determining the value of property injured or destroyed, and the mode and amount of proof must be adapted to the facts of each case. (4 Sutherland on Damages, 3d ed., § 1015). It is frequently said that the market value of the property described at the time and place of the fire is a proper measure, and this is true if the property in fact has a market value. If there be no market value, then another criterion of value must be found, and the best evidence which can be obtained must be produced to show the elements which enter into the real value. (*A. T. & Santa Fe Rld. Co. v. Stanford,* 12 Kan. 354; *K. C. & S. W. Rld. Co. v. Ehret,* 41 Kan. 22, 20 Pac. 538.) All know that there is no market value for property like that for which a recovery is sought, and therefore it was proper to invoke the aid of all the facts bearing upon the actual value at the time of the fire. Defendant insists that the exclusive method of establishing the damage was proof of the cost of construction, with a proper deduction therefrom for deterioration. The cost of a structure is sometimes a proper element for consideration in determining the amount of damages, but it can have little force where, as here, the building was erected more than twenty-six years ago. The cost of building material and labor changes, and if the cost of material and labor twenty-six years ago was twice as much as at the present time, the original cost less deterioration would be a very imperfect criterion for measuring the present value. The cost of replacing the building, making a proper deduction for its age, utility, use, and condition, is a better measure of what the property was fairly and reasonably worth at the time it was destroyed. Some authorities have approved the rule insisted on by the defendant, that the cost of the property is an essential element of proof, but even these authorities recognize that this rule is not always applicable, and that other elements are sufficient to establish the loss. (*J. T. & K. W. Ry. Co. v. P. L. T. & M. Co.,* 27 Fla. 1; *Wall v. Platt,* 169 Mass. 398.)

Our own court has adopted and applied a different rule. In *Insurance Co. v. Payne,* 57 Kan. 291, 46 Pac. 315, where the value of a building that had been burned was in question, it was said:

"One method of arriving at such loss is by estimating the cost of replacing the building less any depreciation from use, age, or otherwise;

and the other is by evidence of the value of the building, at the time of its destruction, less the value, if any, of the ruins." (p. 301.)

In the same case an exception was taken to the testimony of the owner of the building giving the cost of it, and in holding the testimony improper the court said:

"Evidence of the cost of a building, however, can hardly be said to be evidence of its value at a particular time. Sometimes, from the necessities of the case, it may be proper to inquire as to the cost of an article as tending to establish its value; but there is no such necessity here, and Payne ought not to have been permitted to testify that the house cost about $25,000." (p. 301.)

The defendant has no cause to complain of the rule for measuring the damage laid down by the trial court.

An objection is made that the court in its instructions did not present defendant's theory of the case as fully as that of the plaintiff, but we think that the issues were sufficiently presented, and that no prejudice could have resulted to the defendant from the instructions. We find no error in the record, and therefore the judgment is affirmed.