No. 27,788.

T. E. Nordgren, *Appellee*, v. The Southwestern Bell Telephone Company, *Appellant*.

(262 Pac. 577.)

### SYLLABUS BY THE COURT.

1. Master and Servant — *Independent Contractor — Tests of Relationship.* Where one is employed by a telephone company to work by the piece on an oral contract to trim and cut certain trees designated on a blue print furnished and explained by the wire chief of the company, with definite and specific instructions to obtain permission from the owner of each lot before trimming or cutting any trees thereon, and to place such trimmings and trees in the alley where they are later hauled away by the company, he is not such an independent contractor as to relieve the company from liability for loss or injury sustained by his cutting trees not noted on the blue print, not interfering with the wires, and without permission of the lot owner.

2. Trespass—*Measure of Damages—Actual Value of Tree.* The actual value of a tree is not generally its replacement value, but it may properly include elements of sentiment and utility.

3. Same—*Recovery of Treble Damages—Motive.* The decision in the case of *Wright v. Brown,* 5 Kan. 600, followed and approved to the effect that treble damages are recoverable for certain trespasses mentioned in R. S. 21-2435 without regard to the motive of the trespasser and where no malicious motive or wrongful intent is shown.

4. Same—*Manner of Rendering Judgment for Treble Damages.* It is not error, where the jury has found actual damages, for the court as a matter of law to treble them and render judgment accordingly when the action is maintained under R. S. 21-2435.

Appeal from Allen district court; Frank R. Forrest, judge. Opinion filed January 7, 1928. Affirmed.

*D. E. Palmer* and *C. J. Evans,* both of Topeka, for the appellant.

*W. H. Anderson* and *G. M. Lamer,* both of Iola, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action by a lot owner in the city of Iola to recover treble damages against the Southwestern Bell Telephone Company for cutting trees on his lot without permission

---

Damages, 8 R. C. L. 486, 669, *et seq.* Independent Contractors, 65 L. R. A. 447; 17 L. R. A. n..s. 371; 19 A. L. R. 236, 253; 14 R. C. L. 67. Master and Servant, 39 C. J. pp. 1316 n. 7, 1322 n. 71, 1360 n. 78. Trespass, 38 Cyc. pp. 1132 n. 52, 1164 n. 41, 1166 n. 66, 1167 n. 78, 1173 n. 77.

when the same were not interfering in any way with the use of the telephone line. The jury found by general verdict and answers to special questions in favor of the plaintiff for actual damages. The court rendered judgment for treble damages. The telephone company appeals.

As we see it, there are four questions involved: (1) Was the company liable for the acts of Bloom, the man who cut the trees, or was he an independent contractor? (2) What is the correct measure of actual damages for trees cut and removed? (3) Are treble damages allowable in such case? (4) If allowable, can the actual damages ascertained by the jury be proportionately augmented by the court as a matter of law to equal treble damages? The evidence in this case shows that the wire chief of the telephone company made a survey of the city of Iola, as was his custom to do there and elsewhere once a year, and indicated on a blue print map the location of trees in the entire city which needed to be trimmed or removed in order to avoid their interference with the telephone lines. He then employed one Bloom to do this necessary trimming and cutting, showing and explaining to him the blue print and directing him to obtain permission of the owner of each lot before trimming or cutting any tree thereon. There were no trees indicated on the blue print as needing trimming or cutting on the lot of the plaintiff, but Bloom made a mistake in thinking there were, also in thinking one Stratton, the owner of the adjoining lot, was the owner of this lot. He called Stratton by phone and asked his permission, which he gave. He then, in the absence of the owner, cut down and removed seven elm trees, found by the jury to be worth $30 each, and one vine on woven-wire fence on rear of lot, worth $7.50, and in doing so broke and injured the fence, valued by the jury at $15. An employee of the telephone company hauled the trees away after they had been placed by Bloom in the alley at the rear of the lot. Bloom was working for the telephone company by the piece on an oral contract. About a year previous the plaintiff had told employees of the company not to cut or trim any trees on his lot, but when they might interfere with the line to let him know and he would trim them himself. The trees when cut were from ten to sixteen feet in height and the wires were about twenty-two feet above the ground. The jury found that Bloom, at the time the trees were cut, was in the employ of the defendant company and that the injury was done in a wanton and grossly

negligent manner, but did not award any treble damages. The action was brought under R. S. 21-2435, which is as follows:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person . . . the party so offending shall pay to the party injured treble the value of the thing so injured, broken, destroyed or carried away, with costs, and shall be deemed guilty of a misdemeanor, and shall be subject to a fine not exceeding five hundred dollars."

It will be observed this. section contains a criminal provision authorizing conviction of a misdemeanor punishable by fine. With that portion of the section we are not particularly concerned in this case, except to note that treble damages permitted by this act are in the nature of a punishment to prevent trespass and destruction of property.

The defendant claims it should not be held liable for the acts of Bloom and maintains he was an independent contractor. We think the evidence fully justified the jury in finding that he was in the employ of the defendant and that the defendant directed and controlled the time, manner and means of his executing the work. Bloom was furnished a carefully prepared blue print and fully instructed and directed as to the way and manner to execute the work. His work simply intervened between that of the wire chief, who designated the trees to be cut, and the drayman of the defendant who removed them after they were cut and placed in the alley by Bloom. An independent contractor is defined in the case of *Pottorff v. Mining Co.,* 86 Kan. 774, 122 Pac. 120, as follows:

"An independant contractor generally is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to the result of his work." (Syl. ¶ 2.)

In the case of *Maughlelle v. Mining Co.,* 99 Kan. 412, 161 Pac. 907, the owner of a mine and equipment was held not liable for the injury to a workman when it had leased the mine and equipment and the lessee had full charge of the operation and work and was to pay the owner 10 per cent of the net earnings, notwithstanding the owner reserved the right to inspect the mine twice a year and have access to the books and records of the lessee.

In *Railroad Co. v. Madden,* 77 Kan. 80, 93 Pac. 586, where the railroad employed another to burn the grass on the right of way for $25 per mile and by his negligence the fire escaped and destroyed

some stacks of hay, it was held that the work was performed as a part of the operation of the railroad and that the railroad company could not by delegating the work to an independent contractor avoid the liability placed upon it by statute.

In the case of *Nelson v. Cement Co.*, 84 Kan. 797, 115 Pac. 578, it was held that the courts should "look to the substance of the contract and all the circumstances in order to determine the actual relation which the owner of the property sustains to the persons employed. The mere fact of nominal employment by an independent contractor will not relieve the master of liability where the servant is in fact in his employ."

"If an employer in fact assumes the relation of master to the servants of one whom he has engaged to produce a given result the duties and the responsibilities which the law imposes upon such a relation attach." (*Railway Co. v. Loosley*, 76 Kan. 103, syl. ¶ 6, 90 Pac. 990.)

"A packing company employed a transfer company to convey its employees to and from their work and directed and controlled the transportation. *Held*, that having assumed the responsibility of the transportation of its employees the company owed them the duty to provide vehicles that were reasonably safe and the obligation to see that the drivers should exercise reasonable care in operating them." (*Phillips v. Armour & Co.*, 108 Kan. 596, syl. ¶ 1, 196 Pac. 245.)

In the light of all the evidence and the pleadings in this case, under the above and other definitions and interpretations of an independent contractor, we are convinced that Bloom, the man who cut the trees, was not an independent contractor such as to relieve the telephone company from liability for his act in doing so.

As to the measure of actual damages or the method of ascertaining the actual damages, the most reasonable and practical way is to find the value of the trees injured rather than the difference in the value of the lot before and after their removal, as outlined and distinquished in *Barker v. Railway Co.*, 94 Kan. 61, 145 Pac. 829. There is, however, a contention in this case as to whether the value of a tree is its replacement value or its independent and natural value. In the case of *Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526, it is classed with a building or other appurtenance to the land. Replacement value would for numerous reasons be a very unfair test. The element of depreciation would make replacement improper for a building. It would be equally unfair to the owner of a tree while he was waiting for it to acquire the extent of shade, size and beauty of the one removed. In *Paola v. Wentz*, 79 Kan. 148,

153, 98 Pac. 775, it was said concerning a shade tree removed by the city from the curb line of an abutting owner that "sentiment and utility combine to give it value."

"Where a particular thing attached to the soil, and, therefore, a part of the reality, but which has a distinct value as such, susceptible of definite measurement, is injured or destroyed, the evidence in an action to recover damages therefor may properly be directed to the value of such specific thing as 'a part of the land, and, in actions of this kind, is ordinarily the best and most satisfactory evidence." (*Railway Co. v. Lycan,* supra, syl. ¶ 3. See, also, *Collins v. Morris,* 97 Kan. 264, 270, 155 Pac. 51.)

The findings of the jury as to actual damages are fully within the evidence admitted at the trial. The case of *Wright v. Brown,* 5 Kan. 600, long ago settled the question in Kansas as to the right to recover treble damages under R. S. 21-2435 and without any proof or finding of malice.

"Section 1 of chapter 114, Gen. St. [R. S. 21-2435], gives treble damages for certain trespasses therein mentioned, without regard to the motive of the offender; so that the statute applies as well to cases where there was no malicious motive or vicious intent, as where either of these feelings actuated the trespasser." (Syl.)

It is urged that in *Wagstaff v. Schippel,* 27 Kan. 450, this decision is reversed or modified, but a careful reading of the same fails to reveal such intention. Nothing is said in it by Justice Brewer about the earlier decision interpreting this same section. He was interpreting the criminal feature of the section, and the moral turpitude he mentioned as being in the offense of cutting down trees on another's land he read into the statute as a wrong "independent of the statute." (p. 459.)

The trial court in this case recognized an error on its part in charging the jury as to the element of malice and wanton and gross negligence being necessary for recovery, and the jury found there was such. This finding was immaterial and the plaintiff waived the error, as he could do. The court on motion of the plaintiff allowed and added the treble damages. There is abundant authority for such procedure where it is clear, as in this case, there is no duplication.

"The usual practice is for the jury to find single damages and for the court to treble them, and the court must do so. . . . The upper court will treble the damages on appeal if the trial court does not." (38 Cyc. 1173. See, also, *Galvin v. Gualala Mill Co.,* 98 Cal. 268; *Jensen v. Railway Company,* 25 S. D. 506; *Cox v. Penna. R. R. Co.,* 240 Pa. St. 27; *Guild et al. v. Prentis et al.,* 83 Vt. 212; *Hurlbut v. Union Telephone Co.,* 168 Wis. 125.)

We reach the conclusion that it is not error for the court to treble the damages when the jury has only found actual damages with full knowledge of the decision in *C. K. & W. Rld. Co. v. Watkins*, 43 Kan. 50, 22 Pac. 985, wherein this court expressed a preference by saying "they ought to be assessed by the jury." We still adhere to that as the proper way, but say it is not error for the court to assess them when the jury only assess actual damages.

The judgment is affirmed.