## United Cooperative Realty Co., Inc., v. Morrison.
(Decided Oct. 15, 1935.)

EDWARD W. BENSINGER, JR. for appellant.

DODD & DODD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In 1923 the appellee, Mrs. Anna L. Morrison, held a winning ticket in the drawing for a free lot to be given in the opening up of a subdivision called "Colonial Terrace," in Jefferson county, some distance from Louisville. The lot was supposed to be worth $200, but she agreed to take a better one and pay $319. After several years of. installment payments, the lot, 45x175 feet, was conveyed to her in 1928. In the early spring of 1934 she learned it had been plowed up without her consent, and thereupon she filed suit against the appellant, United Cooperative Realty Company, and J. W. Solley, its president, to restrain further trespass and to recover damages. She recovered a judgment for $295 against the company, to reverse which it has made a motion for an appeal.

The additional evidence of the plaintiff was that the lot was in grass and a prospective purchaser had looked at it in the fall of 1933 with the view of buying it for $400. When he found it had been plowed up, he declined to consummate the trade on that account. Over the objection of the defendant, a witness testified that before it had been plowed the lot was worth $270 and afterward only $100.

The defendant had opened up the subdivision and sold some lots therein, but yet owned many of them. There were no streets or other improvements. The president testified that he had understood the plaintiff's deed contained a provision that the company would maintain and keep her lot clean, along with its own property, as the company's salesman had been instructed to advise purchasers to that effect, but since had learned he was in error. In accordance with that

purpose, the company had annually plowed up a section of the plot and sowed it in grass. Pursuing this plan, and on the assumption of an agreement, in January, 1934, the company's caretaker had plowed up the plaintiff's lot as it was overgrown with weeds, and sowed it in cow peas, in preparation for seeding it in blue 'grass in the fall of 1934. Following the lead of the other side and the ruling of the court as to the measure of damages, the defendant proved that there had been no depreciation in value.

The jury were instructed to find damages for the plaintiff equivalent to the difference between the fair market value of the property before it was plowed and immediately thereafter, not to exceed $170; and if the jury believed the entry was in willful and wanton violation of the plaintiff's rights, then in addition to compensatory damages, they might, in their discretion, award punitive damages, not to exceed $200.. The verdict was for $170 compensatory and $125 punitive damages.

Several standards of measurement of damage for trespass are generally recognized. The subject is interestingly treated by Prof. Charles T. McCormick, of Northwestern University, in an article published in the Kentucky Law Journal of November, 1934. The broad division is, of course, between permanent and temporary injury. The evidence and the instruction are obviously placed upon the idea of permanent injury, but it seems to us that that is an erroneous conception, for, taking the plaintiff's claim that the lot was in grass, its destruction is not like that of trees or the removal of soil. Nor is the injury of that class where restoration is impracticable or the cost would exceed the value of the property. It is to be regarded as the complete destruction of a perennial crop. The measure of damages in such a case is the cost of replanting or reseeding, or restoring the lot to as good condition as it was, and (since the property was not rented out) the diminution in value of the use of the lot to the owner while it is being restored to its original condition. Pittsburgh, C. & St. L. Ry. Co. v. Hixon, 110 Ind. 225, 11 N. E. 285; Vermilya v. Chicago, M. & St. P. Ry. Co., 66 Iowa, 606, 24 N. W. 234, 55 Am. Rep. 279; Hayden v. Missouri, K. & T. Ry. Co., 84 Kan. 376, 114 P. 384; Couch v. Kansas City Southern Ry. Co., 252 Mo. 34,

68

158 S. W. 347, 46 L. R. A. (N. S.) 555; McGuire v. Lovelace (Ky.) 128 S. W. 309; Cary-Glendon Coal Co. v. Carmichael, 258 Ky. 411, 80 S. W. (2d) 29; 63 C. J. 1050.

We are of opinion also that the instruction providing for punitive damages was not authorized by the evidence. An abstract distinction between a willful and an innocent trespasser is that the one knows he is wrong and the other believes he is right. Swiss Oil Corporation v. Hupp, 253 Ky. 552, 69 S. W. (2d) 1037. As is suggested by Prof. McCormick in his article: "Classifying trespassers as 'innocent' and 'willful' is easy, but actually distinguishing the sheep from the goat is not so easy." We cannot reach any other conclusion than that the invasion of the plaintiff's lot was made in good faith and under the mistaken idea of consent and with the purpose of benefiting the lot along with the defendant's own adjacent property. Under such circumstances, it cannot be said that its action justifies the infliction of a penalty. Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515; Louisville Cemetery Association v. Downs, 241 Ky. 73, 45 S. W. (2d) 5; Swiss Oil Corporation v. Hupp, supra.

The motion for an appeal is sustained, and the judgment is reversed.