(930 P.2d 631)
No. 74,946

JON M. MCBRIDE and JEAN M. MCBRIDE, *Appellees,* v. FRED DICE, d/b/a WOODTEK TERMITE & PEST CONTROL, a/k/a WOODTEK COMPANY, *Appellant.*

Opinion filed January 17, 1997.

*Paul Kritz,* of Hall, Levy, DeVore, Bell & Ott, of Coffeyville, for appellant.

*W.J. Fitzpatrick,* of Independence, for appellees.

Before BRAZIL, C.J., GREEN and KNUDSON, JJ.

KNUDSON, J.: Fred Dice, d/b/a Woodtek Termite and Pest Control (Woodtek), appeals from a jury verdict awarding monetary damages resulting from a negligent termite inspection of the residence of Jon and Jean McBride.

After entering into a contract to purchase a home, the McBrides hired Woodtek to inspect the property for termites. Unfortunately, Woodtek inspected the wrong residence. Later, the McBrides discovered extensive termite infestation and damage to their home. Woodtek admitted liability; at the trial, the issue was the nature and extent of the damages as a result of the negligent inspection. The jury awarded the McBrides the following itemized damages:

| | |
|---|---|
| — Cost of repair | $26,000 |
| — Moving and storage | 1,108 |
| — Lodging and increased costs of living | 8,000 |
| — Termite treatment | 2,500 |
| — Inconvenience and discomfort | 10,000 |
| **TOTAL DAMAGES** | $47,608 |

Woodtek first contends that the district court erred in permitting the recovery of nonpecuniary damages for inconvenience and discomfort. We agree and reverse that part of the verdict.

Woodtek further contends that there was insufficient evidence to support the balance of the award made by the jury. We do not agree and affirm the award of pecuniary damages.

### Damages for Inconvenience

Whether nonpecuniary damages for inconvenience and discomfort may be recovered is a conclusion of law, and this court's standard of review is unlimited. *Cf. Horsch v. Terminix Int'l Co.*, 19 Kan. App. 2d 134, 136, 865 P.2d 1044, *rev. denied* 254 Kan. 1007 (1994) (trial court ruling that jury could include as termite damage the cost of repair and diminution of market value was conclusion of law subject to unlimited appellate review).

The general rule in Kansas for recovery of damages is well known. "[O]ne who commits a tortious act is liable for the injury and loss that are the natural and probable result of his wrongful act." *Foster v. Humberg*, 180 Kan. 64, 68, 299 P.2d 46 (1956); *Horsch*, Kan. App. 2d at 138. The ultimate goal of damages in a tort action is to make the injured party whole again. *Kansas Power & Light Co. v. Thatcher*, 14 Kan. App. 2d 613, 617, 797 P.2d 162, *rev. denied* 247 Kan. 704 (1990).

The parties do not disagree with the above general rule but disagree as to its application in this case.

Woodtek argues that the trial court was limited to instructing the jury under PIK Civ. 2d 9.21, which states:

"When the damage is of a temporary nature and is of such a character that the property can be restored to its original condition the measure of damages is the reasonable cost of repair necessary to restore it to its original condition

"(a) (plus a reasonable amount to compensate for loss of use of the property while repairs are being made with reasonable diligence)

"(b) (or diminution of the rental value during this time), but not to exceed its fair and reasonable market value before the injury."

Woodtek further reasons the term "loss of use" as used in PIK Civ. 9.21 is restricted to pecuniary damages such as lodging, increased costs of meals, and other daily expenses while repairs are made. Woodtek concludes that nonpecuniary damages for inconvenience and discomfort are not allowable damages.

On the other hand, the McBrides, relying upon the rule in *Foster*, argue that they are entitled to recover monetary damages for all of the natural and probable consequences of Woodtek's negligent termite inspection, including inconvenience and discomfort. Placed in context, the McBrides maintain:

"The $10,000 compensatory damages allowed by the jury was for the inconvenience and hardship the plaintiff [*sic*] and their family would experience in the loss of their home for a period of three months. Plaintiffs and their two daughters, ages 15 and 10 will have to remove all of the furniture and contents from their home and live out of suitcases in a motel for a considerable period of time."

While we have a natural empathy for the McBrides under the above circumstances, we do not believe that an award for inconvenience and discomfort can be upheld.

In *Anderson v. Rexroad*, 180 Kan. 505, 306 P.2d 137 (1957), the plaintiffs' house and household furnishings were totally destroyed by fire which resulted when a bulldozer struck and ruptured a natural gas pipeline. In its discussion regarding the measure of damages, the court stated:

"Generally speaking, there may be a recovery for the loss of use of property, providing the use is a lawful one and the damages are established with reasonable certainty (25 C.J.S., Damages, § 41, pp. 514, 515), and, where property is attached to land, such as was plaintiffs' dwelling, and it is damaged or destroyed, the owner is entitled to damages, which may not exceed the value of the property, for his loss of use or for loss of rental up to the time when, with ordinary diligence, it could have been restored, whether in fact it was restored or not. The value of its use is not the mere value of its intended use but of its present potential use whether availed of by its owner or not (15 Am. Jur., Damages, § § 129, 131, 132, pp. 537, 540, 541)." 180 Kan. at 513.

The *Anderson* court approved the trial court's permitting the jury to determine plaintiffs' loss of use by ascertaining the monthly rental value of their residence.

Under the holding in *Anderson*, we conclude that the McBrides' damages in this litigation should have been limited to pecuniary damages and that it was reversible error for the trial court to permit consideration and allowance of damages for inconvenience and discomfort during the period of repairs. The McBrides could have included in their claim for loss of use the reasonable rental value of their residence and household furnishings during the time which they were required to live elsewhere, but they chose not to do so.

### *Pecuniary Damages Awarded*

Woodtek argues that there was insufficient evidence to support the jury verdict awarding the McBrides $8,000 for lodging and increased costs of living and $1,250 for future termite treatment.

This court's standard of review is limited to determining whether "the evidence, with all reasonable inferences to be drawn therefrom, when considered in the light most favorable to the prevailing party, supports the verdict." *Wisker v. Hart*, 244 Kan. 36, 37, 766 P.2d 168 (1988).

We have reviewed the record on appeal and carefully considered the arguments made by counsel. We conclude that there is substantial competent evidence in the record to support the jury's verdict upon each item of pecuniary damage.

Affirmed in part and reversed in part.