(228 P.3d 420)
No. 102,100

MARK EVENSON and JANIS EVENSON, *Appellants*, v. TIM LILLEY, *Appellee*.

Opinion filed April 8, 2010.

*John Terry Moore*, of Moore Martin, LC, of Wichita, for the appellants.

*Vince P. Wheeler*, of Hite, Fanning & Honeyman L.L.P., of Wichita, for the appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Mark and Janis Evenson appeal the district court's conclusion that damage by fire to outbuildings and trees by a negligently caused fire constituted permanent damage to their property and, therefore, the proper measure of damages was the diminution in the property's value rather than the cost of repairs or replacement.

The underlying facts of the case are not seriously in dispute. The Evensons own a 160-acre tract of land in rural Greenwood County, which they use primarily for recreation. The Evensons have maintained a number of pine trees, fruit trees, and grape and berry plants that existed on the property at the time they purchased the land in 2002. The property also had a utility building, a three-sided pole barn, and a three-sided shed or lean-to at the time of purchase. All of the structures were made of wood with tin roofs. The Evensons leased a portion of the property for the production of crops.

Lilley leased pastureland on property adjacent to the Evensons' tract for grazing cattle. On April 12, 2006, Lilley started a controlled burn of his leased pastureland, but the fire grew out of control and passed over to the Evensons' property, essentially burning the entire tract.

On April 11, 2007, the Evensons filed suit against Lilley for negligence, claiming damages in excess of $75,000. Lilley filed a request for an actual amount of damages, and the Evensons initially indicated that their property suffered damages totaling $125,000.

Thereafter, Lilley filed a motion with the court for a ruling on the measure of damages to be used in the case. Lilley argued that the damage to the property constituted permanent damage under Kansas law and that the damages award could not exceed the fair market value of the property prior to the fire. In conjunction with his argument, Lilley obtained an appraisal of the Evensons' property, which estimated that the difference between the value of the Evensons' property before and after the fire was $4,687. The estimate included the depreciated replacement value of the outbuildings.

The Evensons challenged Lilley's measure of damages, arguing that the property was remediable and that the measure of damages should be the cost to repair the fire damage and return the property to its prefire status. The Evensons submitted an estimate of $307,999 to replace the damaged trees on their property. The Evensons also submitted an estimate of $23,500 to replace the former outbuildings with new, metal buildings of the same size.

As a result of these estimates, the Evensons sought to amend their damages claim to $331,499 or $160,000 if the damages award was capped at the value of the real property in accordance with PIK Civ. 4th 171.21. The Evensons also estimated the value of the property before the fire to be $1,000 per acre or $160,000. They estimated the property was worth $700 per acre after the fire or $112,000, and debris removal would cost in the range of $2,500 to $3,000.

The district court ruled the damage to the property was permanent in nature and the proper measure of damages was the diminution in the value of the property, consistent with PIK Civ. 4th 171.20. The court also denied the Evensons' motion to amend their claim for damages. Thereafter, the case was presented to the court on stipulated facts. After hearing the evidence presented, the court adopted the appraisal values submitted by Lilley and the

debris clean-up cost submitted by the Evensons, awarding the Evensons a total of $7,687 plus applicable interest.

The sole issue raised by the Evensons is whether the district court applied the correct measure of damages. Essentially, they argue the district court improperly relied on PIK Civ. 4th 171.20 when the damage to the property was not permanent damage. The Evensons further argue that the proper measure of damages is the cost of replacing everything that was damaged.

After Lilley filed his motion to determine the measure of damages, the district court ruled that the destruction of the trees and buildings on the Evensons' property constituted permanent damage to real estate and that the proper measure of damages was found in PIK Civ. 4th 171.20. PIK Civ. 4th 171.20 provides:

"When damage to real estate is permanent or irreparable, the measure of damages is the difference between the fair and reasonable market value of the property as a whole, including the improvements thereon, immediately before and immediately after the injury.

"Fair and reasonable market value is that amount which would be paid under normal circumstances on the free and open market, in the usual course of dealings, by a willing buyer not forced to buy, and which amount would be acceptable to a willing seller not forced to sell."

The determination of whether the district court applied the correct measure of damages is a question of law, and, therefore, this court's review is unlimited. *Burgess v. Shampooch Pet Industries, Inc.*, 35 Kan. App. 2d 458, 460-61, 131 P.3d 1248 (2006). The underlying purpose of any measure of damages in a tort action is to make the injured party whole again. *McBride v. Dice*, 23 Kan. App. 2d 380, 381, 930 P.2d 631 (1997). Consequently, any rule for measuring damages is subordinate to the goal of compensating an injured party for the injury done. A determination of damages cannot be applied mechanically but must reflect the facts of the particular case. Nevertheless, an injured party is not entitled to a windfall. *Horsch v. Terminix Int'l Co.*, 19 Kan. App. 2d 134, 138-39, 865 P.2d 1044 (1993), *rev. denied* 254 Kan. 1007 (1994).

Before the district court, the Evensons advocated for the use of PIK Civ. 4th 171.21 as the proper measure of damages. PIK Civ. 4th 171.21 provides:

"When damage to real estate is temporary and of such a character that the property can be restored to its original condition, the measure of damages is the reasonable cost of repair necessary to restore it to its original condition, [plus a reasonable amount to compensate for (*loss of use*) (*loss of rental value*) of the property while repairs are being made with reasonable diligence], but not to exceed its fair and reasonable market value before the injury."

Application of PIK Civ. 4th 171.20 or PIK Civ. 4th 171.21 turns upon whether damage to real property is deemed permanent or temporary. However, in limiting the measure of damages to the rule stated in PIK Civ. 4th 171.20, the district court failed to identify the precise nature of the Evensons' claim of damages. Lilley clearly viewed the damage from the perspective of the property as a whole. In contrast, the Evensons have consistently focused upon the damage to specific items appurtenant to the property but separate and distinct for purposes of valuation, namely pine trees, fruit trees and vines, and three outbuildings.

In *Barker v. Railway Co.*, 94 Kan. 61, 65, 145 Pac. 829 (1915), the Kansas Supreme Court rejected a strict application of a diminution in value measure of damages where the evidence demonstrated distinct and separate value to fruit trees and hay on the property. The *Barker* court reasoned:

"The jury were told that in measuring the damages of the plaintiff the trees were to be regarded as a part of the land and that they might consider any and all evidence proven which tended to show the actual loss. The testimony showed the number and character of the trees destroyed and injured, and although they constituted a part of the land they had a distinct value as an appurtenance of the land and the loss sustained could be definitely measured by the evidence of the number and character of the trees destroyed and injured. In *Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526 [(1897)], it was held that when trees were destroyed by fire, as in this case, and they had a distinct value which under the evidence was susceptible of definite measurement, the value of the trees or things destroyed is the best measure and the most satisfactory method of determining the extent of loss. It was also said that it was only where damages to one part of the land affect other parts and were incapable of more direct proof that it is necessary to resort to the rule of finding the difference in the value of the land before and after the injury." 94 Kan. at 65.

The same rule was applied by the Kansas Supreme Court in *Nordgren v. Southwestern Bell Telephone Co.*, 125 Kan. 33, 36, 262 Pac. 577 (1928) (holding that the proper measure of damages

from negligently cut trees is the "value of the trees injured rather than the difference in the value of the lot before and after their removal"); *Collins v. Morris*, 97 Kan. 264, 270, 155 Pac. 51 (1916) (holding that the proper measure of damages arising from the destruction of shade trees is the value of the trees as part of the realty irrespective of a more profitable use of the land without the trees).

The rule articulated by these cases necessarily presumes the production of competent evidence to establish the value of the trees. None was offered in this case. The Evensons submitted a proposal for the replacement of the trees by a nursery, but there was no evidence offered as to the value of the trees as a part of the realty. No evidence was presented regarding the fruit trees and vines.

Instead, while stating the rule for recovery of the value of appurtenances, the Evensons actually advocate the adoption of a new rule that would provide for a restoration measure of damages. The Evensons urge this court to allow them to recover the replacement value of their trees, apparently irrespective of the costs of replacement.

In support of their argument, the Evensons cite several cases from other jurisdictions as evidence of a growing trend in negligence law to permit recovery of restoration costs when real property has personal value rather than merely commercial value. One of the cases cited by the Evensons actually supports the district court's judgment in this case. See *Burk Ranches, Inc. v. State*, 242 Mont. 300, 307, 790 P.2d 443 (1990) ("Even though repair is theoretically possible, if the cost of repair greatly exceeds the decreased value of the property, the injury is presumptively permanent and the decreased value rule applies."). Other cases cited by the Evensons, while permitting recovery of restoration costs, set limits on the amount recoverable. See *Heninger v. Dunn*, 101 Cal. App. 3d 858, 865-66, 162 Cal. Rptr. 104 (1980) (limiting restoration damages for loss of trees to reasonable costs in relation to the damage inflicted); *Matich v. Gerdes*, 193 Ill. App. 3d 859, 868, 550 N.E.2d 622 (1990) (allowing repair costs in excess of diminished value of property for noncommercial property but limited recovery to reasonable repair costs and required reproduction costs to be reduced for depreciation); *Glavin v. Eckman*, 71 Mass. App. 313, 319-21, 881 N.E.2d 820, 826 (2009) (authorizing a $30,000 dam-

ages award as restoration of trees cut down wrongfully because the award was reasonable in relation to the damage inflicted); *Sunburst School District No. 2 v. Texaco, Inc.*, 338 Mont. 259, 272-73, 165 P.3d 1079 (2007) (permitting recovery of restoration costs for soil contamination of homes finding that requiring families to relocate due to soil contamination was not a realistic solution).

The Evensons' request for restoration costs to replace full-grown trees for $307,999 is patently unreasonable for the damage inflicted in this case. The Evensons' property is primarily agricultural-use land, though it is also used by the Evensons for recreation. According to the Evensons' own estimate, the property was worth $160,000 prior to the fire caused by Lilley. The requested restoration costs are nearly twice the highest estimate provided for the property before the loss of the trees. Although, as stated by the Evensons that it is now easier to replace large trees than it was in the past, we must still look to see if this is a reasonable result. We do not believe it is under the facts and circumstances of this case.

In any event, the Evensons' argument finds no support in current Kansas case law. Although no Kansas court has apparently addressed the precise question presented in this case, the precedent clearly rejects replacement costs alone as an accurate valuation of the property loss. See, *e.g., Nordgren*, 125 Kan. at 36 ("Replacement value would for numerous reasons be a very unfair test."); *Sayers v. Railway Co.*, 82 Kan. 123, 126-27, 107 Pac. 641 (1910) (holding that owner of crops destroyed by a negligently caused fire is entitled to the value of the crops as they existed at the time of the fire); but *cf. Hayden v. Railway Co.*, 84 Kan. 376, 114 Pac. 384 (1911) (approving a damages award that compensated plaintiff for the cost of restoring the meadow).

We have perceived no indication that the Kansas Supreme Court would be willing to depart from precedent; therefore, this court is bound to apply such precedent. *Buchanan v. Overley*, 39 Kan. App. 2d 171, 175-76, 178 P.3d 53, *rev. denied* 286 Kan. 1176 (2008).

In light of the lack of evidence demonstrating the value of the trees destroyed by the fire, the proper measure of damages is the difference between the market value of the property before and after the fire. *Barker*, 94 Kan. at 65 ("It was also said that it was

only where damages to one part of the land affect other parts and were incapable of more direct proof that it is necessary to resort to the rule of finding the difference in the value of the land before and after the injury."); *Smelting Co. v. Brown*, 8 Kan. App. 802, 805, 57 Pac. 304 (1899) ("In the present case the only measure of a large part of the plaintiff's alleged damages was to be found in the diminished value of the real property as a whole. We think the court did not err in admission of testimony showing the value of the property before and after the injury.").

In light of the district court's order regarding the measure of damages, both parties submitted evaluations regarding the before and after value of the property. While arguing that diminution of property values was not the appropriate measure of damages, the Evensons' failed to proffer any evidence regarding the actual value of the trees as part of the real property; they offered only evidence of the cost to replace the trees. As noted above, under these facts such an approach is not reasonable.

Under these circumstances, the district court did not err in valuing the damages to the property by resorting to evidence concerning the diminution in the value of the property, even though the court erred in limiting the measure of damages to the diminution in value. See *Robbins v. City of Wichita*, 285 Kan. 455, 472, 172 P.3d 1187 (2007) (a district court's judgment will be affirmed on appeal if the right result was attained despite erroneous reasoning for the result). The district court adopted the values submitted by Lilley, and the Evensons do not challenge the sufficiency of that evidence in this appeal. The court's process of evaluating the actual damages, even if somewhat conceptually flawed, was reasonable.

With respect to the negligently destroyed outbuilding structures, the Kansas Supreme Court noted in *Kennedy v. Heat and Power Co.*, 103 Kan. 651, 652, 175 Pac. 977 (1918), that the measure of damages for a negligently destroyed structure was the reasonable value of the building at the time and place of its destruction. The court then noted several methods of calculating the value of structures that lacked a market value. The court rejected a measure of damages that would establish the cost of construction with a proper

deduction for deterioration in favor of the cost of replacing the building with proper deductions for its age, utility, use, and condition. 103 Kan. at 653.

" 'One method of arriving at such loss is by estimating the cost of replacing the building less any depreciation from use, age, or otherwise; and the other is by evidence of the value of the building, at the time of its destruction, less the value, if any, of the ruins.' " 103 Kan. at 653-54 (quoting *Insurance Co. v. Payne*, 57 Kan. 291, 301, 46 Pac. 315 [1896]).

Though the Evensons did provide an estimate of the cost to replace the outbuildings, the evidence demonstrated that the proposed replacements were not of the same type as the structures destroyed. Furthermore, Mark Evenson conceded that he had not depreciated the replacement costs for the age or condition of the outbuildings.

In *Ettus v. Orkin Exterminating Co.*, 233 Kan. 555, 561-62, 665 P.2d 730 (1983), the Kansas Supreme Court recognized that, in some cases, recovery of costs above the total value of the destroyed structure may be allowed where proof that such costs are the natural and probable result of the tortfeasor's wrongful conduct. However, recovery of the cost of new, metal buildings to replace old, wooden and tin-roofed buildings is not the natural and probable result of Lilley's conduct.

Lilley provided the testimony of an appraisal of the damaged property by David Sundgren. Sundgren utilized both the sales comparison and cost approaches to evaluating the Evensons' property. In calculating the value of the land using the cost approach, Sundgren specifically evaluated the outbuildings, estimating the replacement costs of equivalent structures, then reducing the amount by the estimated depreciation of those structures.

Again, the district court adopted Lilley's evaluation of the outbuildings at the time of the fire and awarded compensation based upon those values. The Evensons do not contest the district court's findings but challenge only the measure of damages. Under the facts presented to the district court, the district court's calculation of damages for the destruction of the outbuildings was appropriate.

Affirmed.